J-A22031-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| THERESA M. ULEN | |
| Appellant | No. 1946 MDA 2015 |

Appeal from the Judgment of Sentence November 3, 2015
In the Court of Common Pleas of Cumberland County
Criminal Division at No(s): CP-21-CR-0000410-2015

BEFORE:  GANTMAN, P.J., PANELLA, J., and JENKINS, J.

MEMORANDUM BY GANTMAN, P.J.:                **FILED SEPTEMBER 19, 2016**

Appellant, Theresa M. Ulen, appeals from the judgment of sentence entered in the Cumberland County Court of Common Pleas, following her bench trial convictions for driving under the influence of alcohol or a controlled substance ("DUI") (general impairment and high rate of alcohol), driving while operating privilege is suspended or revoked (DUI-related), and restrictions on alcoholic beverages.[1]  We affirm.

In its opinion, the trial court fully and correctly set forth the relevant facts of this case.  Therefore, we have no reason to restate them.  Procedurally, the Commonwealth charged Appellant with the various offenses on April 13, 2015.  Appellant proceeded to a bench trial, where the

_____

[1] 75 Pa.C.S.A. §§ 3802(a)(1), (b); 1543(b)(1); and 3809(a), respectively.

court convicted Appellant of all charged offenses on September 8, 2015, and ordered a pre-sentence investigation report. On November 3, 2015, the court sentenced Appellant to a term of forty-eight (48) hours to six (6) months' incarceration for her DUI high rate of alcohol conviction, in addition to 60 days' incarceration for driving with a suspended license (DUI-related). The court also ordered Appellant to pay the costs of prosecution and a fine. Appellant's conviction for DUI general impairment merged for sentencing purposes. On November 5, 2015, Appellant timely filed a notice of appeal. The court ordered Appellant on November 6, 2015, to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant timely complied on November 24, 2015, before filing an amended Rule 1925(b) statement on November 25, 2015.

Appellant raises the following issues for our review:

> WAS THERE INSUFFICIENT EVIDENCE TO PROVE BEYOND A REASONABLE DOUBT THAT [APPELLANT] DROVE, OPERATED, OR WAS IN ACTUAL PHYSICAL CONTROL OF THE MOVEMENT OF A VEHICLE TO SUPPORT A FINDING OF GUILT FOR DRIVING UNDER THE INFLUENCE, GENERAL IMPAIRMENT AND DRIVING UNDER THE INFLUENCE, HIGH RATE?

> WAS THERE INSUFFICIENT EVIDENCE TO PROVE BEYOND A REASONABLE DOUBT THAT [APPELLANT] DROVE A MOTOR VEHICLE ON A HIGHWAY OR TRAFFICWAY OF THIS COMMONWEALTH TO SUPPORT A FINDING OF GUILT FOR DRIVING WHILE OPERATING PRIVILEGE IS SUSPENDED OR REVOKED, DUI-RELATED?

(Appellant's Brief at 6).

When examining a challenge to the sufficiency of evidence:

The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [finder] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Jones*, 874 A.2d 108, 120-21 (Pa.Super. 2005) (quoting *Commonwealth v. Bullick*, 830 A.2d 998, 1000 (Pa.Super. 2003)).

The Motor Vehicle Code governs "serious traffic offenses," which occur "upon highways and trafficways throughout this Commonwealth." 75 Pa.C.S.A. 3101(b). DUI is classified as a serious traffic offense. 75 Pa.C.S.A. § 3802(a)(1), (c). The Motor Vehicle Code defines "Highways" and "Trafficways" as follows:

**§ 102. Definitions**

Subject to additional definitions contained in subsequent provisions of this title which are applicable to specific provisions of this title, the following words and phrases

when used in this title shall have, unless the context clearly indicates otherwise, the meanings given to them in this section:

\*  \*  \*

**"Highway."**   The entire width between the boundary lines of every way publicly maintained when any part thereof is open to the use of the public for purposes of vehicular travel.  The term includes a roadway open to the use of the public for vehicular travel on grounds of a college or university or public or private school or public or historical park.

\*  \*  \*

**"Trafficway."**  The entire width between property lines or other boundary lines of every way or place of which any part is open to the public for purposes of vehicular travel as a matter of right or custom.

\*  \*  \*

75 Pa.C.S.A. § 102.  The DUI statute in relevant part provides:

**§ 3802.   Driving under influence of alcohol or controlled substance**

**(a)   General impairment.—**

(1) An individual may not drive, operate, or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle.

\*  \*  \*

**(b)   High rate of alcohol.—**An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the alcohol concentration in the individual's blood or breath is at least 0.10% but

- 4 -

less than 0.16% within two hours after the individual has driven, operated or been in actual physical control of the movement of the vehicle.

75 Pa.C.S.A. § 3802(a)(1), (b).

Section 1543 of the Motor Vehicle Code defines the offense of driving while operating privilege is suspended or revoked as follows:

**§ 1543. Driving while operating privilege is suspended or revoked**

* * *

**(b) Certain offenses.—**

(1) A person who drives a motor vehicle on a highway or trafficway of this Commonwealth at a time when the person's operating privilege is suspended or revoked as a condition of acceptance of Accelerated Rehabilitative Disposition for a violation of section 3802 (relating to driving under influence of alcohol or controlled substance) or the former section 3731, because of a violation of section 1547(b)(1) (relating to suspension for refusal) or 3802 or former section 3731 or is suspended under section 1581 (relating to Driver's License Compact) for an offense substantially similar to a violation of section 3802 or former section 3731 shall, upon conviction, be guilty of a summary offense and shall be sentenced to pay a fine of $500 and to undergo imprisonment for a period of not less than 60 days nor more than 90 days.

75 Pa.C.S.A. § 1543(b)(1).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Albert H. Masland, we conclude Appellant's issues merit no relief. The trial court opinion comprehensively discusses and properly disposes of the question

presented. (*See* Trial Court Opinion, filed January 7, 2016, at 3-6) (finding: **(1)-(2)** officer's testimony established Appellant was sitting behind wheel of car, with motor running, while parked partially in roadway and partially on stranger's lawn; Appellant's husband was in passenger seat of car; Appellant's car heater was blowing strongly; officer detected strong odor of alcohol emanating from vehicle, and Appellant's eyes were glassy and bloodshot; Appellant was evasive as to why car was parked in that manner, and failed to produce requested identification; when Appellant exited vehicle, she was unsteady on her feet, slurred her speech, and continually changed her story about when she consumed alcohol and how much alcohol she consumed; officer spotted open bottle of wine in driver's side door, and empty bottle of wine in back seat; blood draw revealed Appellant had blood alcohol concentration of .134%; Appellant testified another person had driven her to that location to wait for another acquaintance who lived nearby; acquaintance for whom Appellant was supposedly waiting was out of state on night of incident; Appellant's testimony was incredible and unsubstantiated by acquaintance's testimony; Commonwealth presented Appellant's certified driving record, showing Appellant was under DUI-related license suspension; evidence demonstrated Appellant was in actual physical control of vehicle, and permitted inference Appellant had driven herself to that location; road where Appellant parked was open to public for vehicular travel, and constituted trafficway for purposes of DUI statute; thus, evidence

was sufficient to sustain Appellant's convictions for DUI general impairment, DUI high rate of alcohol, and driving while operating privilege is suspended). Accordingly, we affirm on the basis of the trial court opinion.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/19/2016

COMMONWEALTH

V.

THERESA MARIE ULEN

: IN THE COURT OF COMMON PLEAS OF
: CUMBERLAND COUNTY, PENNSYLVANIA
:
:
:
:
: CP-21-CR-0410-2015

### IN RE: OPINION PURSUANT TO PENNSYLVANIA RULE OF

### APPELLATE PROCEDURE 1925

**Masland, J., January 7, 2016:--**

Defendant, Theresa Marie Ulen, appeals this court's judgment of sentence

following the guilty verdicts entered after a nonjury trial on the charges of Driving Under

the Influence, General Impairment, Driving Under the Influence, High Rate, and Driving

While Operating Privilege is Suspended or Revoked, DUI-Related. Defendant

complains of the following matters on appeal:

1. There was insufficient evidence to prove beyond a reasonable doubt that Defendant drove, operated, or was in actual physical control of the movement of a vehicle to support a finding of guilt for Driving Under the Influence, General Impairment and Driving Under the Influence, High Rate.

2. There was insufficient evidence to prove beyond a reasonable doubt that Defendant drove a motor vehicle on a highway or trafficway of this Commonwealth to support a finding of guilt for Driving While Operating Privilege Is Suspended or Revoked, DUI-Related.

Amended Concise Statement of the Errors Complained of on Appeal, filed November

25, 2015.

### I. Facts

On September 24, 2014 at around 3:00 a.m., Justin Alexander observed a

suspicious vehicle parked in his yard. The vehicle was partially parked on the roadway

and partially in his yard. The motor was running and the parking lights were on. He

was unable to see into the vehicle, but out of concern for his family, Mr. Alexander



contacted police. Officer Katie Justh responded to the call. Upon her arrival on the scene, she observed a gold vehicle parked near Mr. Alexander's residence partially blocking and obstructing traffic. The vehicle was in a residential area where all the homes had driveways, so it was particularly suspicious that the car was parked on the side of the road in such a manner. Officer Justh observed that the vehicle had its engine running and parking lights on and was occupied by two people.

Officer Justh approached the vehicle and knocked on the window to speak to the driver, whom she later identified as the Defendant. She observed that the windows were steamed up and the car heater was blowing strongly. When Officer Justh questioned the Defendant regarding why she was parked halfway off the road in a running car in the middle of the night, the Defendant was evasive. The Defendant was unable to produce any form of identification, but did provide her name. Officer Justh detected a strong odor of alcoholic beverage emanating from the vehicle and the Defendant's eyes were glassy and bloodshot. At one point, the Defendant stepped out of the vehicle and Officer Justh observed an open bottle of wine in the driver's side door pocket. She also observed an empty bottle of wine in the back seat of the vehicle.

After the Defendant exited the vehicle she remained uncooperative and was unable to explain her situation, other than a vague explanation that she was waiting for a friend. The Defendant was unsteady on her feet, her speech became slurred, and the odor of alcoholic beverage was very predominant coming off of her. During questioning her story kept changing. She said she had been drinking hours ago and then said she drank thirty minutes ago after the car had been parked.

-2-

Due to her physical condition, the Defendant was unable to perform a full standard field sobriety test, but a preliminary breath test indicated the presence of alcohol and the Defendant continued to have difficulty following the Officer's instructions. Based on the totality of the circumstances, Officer Justh arrested the Defendant on suspicion of Driving Under the Influence.

While Officer Justh was transporting the Defendant to Carlisle Regional Medical Center for a legal blood draw, the Defendant began screaming that she needed medical attention and demanded to be taken to Holy Spirit Hospital. The Defendant would not state the reason for her demand, but in an abundance of condition, Officer Justh acquiesced and took her to Holy Spirit Hospital. At Holy Spirit the Defendant received her requested medical attention and Officer Justh, with assistance from hospital staff, began the process of administering a legal blood draw. After Defendant's initial request to see an attorney, the Officer explained the legal blood draw process by reading her the DL-26 chemical testing warning form. The Defendant then consented to giving blood. Ultimately, testing revealed the Defendant had a blood alcohol concentration of .134%. A review of the Defendant's certified driving record also revealed that, at the time of her arrest, the Defendant's license was suspended, DUI-related.

## II. Discussion

Defendant disputes the sufficiency of the evidence that she was ever in actual physical control of her vehicle. She testified on her own behalf that on the evening of her arrest, her cousin had driven her vehicle to the location where she was ultimately discovered and that she was waiting there for a friend who was going to then drive the vehicle to New Jersey. She claimed she never drove the vehicle but merely sat in the

-3-

driver's seat and turned the car partially on without engaging the engine to use the car's heater. No one ever saw her drive the vehicle, so she argues that there was not sufficient evidence to support her convictions.

"The standard of reviewing the sufficiency of the evidence is whether the evidence admitted at trial and all reasonable inferences drawn therefrom, when viewed in the light most favorable to the Commonwealth as the verdict winner, is sufficient to support all the elements of the offense beyond a reasonable doubt." *Commonwealth v. Strouse*, 909 A.2d 368, 368-69 (Pa. Super. 2006). "The Commonwealth need not preclude every possibility of innocence or establish the defendant's guilt to a mathematical certainty." *Commonwealth v. Brotherson*, 888 A.2d 901, 904 (Pa. Super. 2005). The finder of fact--here, the court--exclusively weighs the evidence, assesses the credibility of witnesses, and may choose to believe all, part, or none of the evidence. *Commonwealth v. Sanchez*, 36 A.3d 24 (Pa. 2011).

At trial, Defendant disputed whether the Commonwealth had proven she was in actual physical control of her vehicle at the time she was intoxicated. Our appellate courts have stated:

> [A] combination of the following factors is required in determining whether a person had actual physical control of an automobile: the motor running, the location of the vehicle, and additional evidence showing that the defendant had driven the vehicle. More specifically, the suspect location of an automobile supports an inference that it was driven, a key factor in the finding of actual control.

*Commonwealth v. Woodruff*, 668 A.2d 1158, 1161 (Pa. Super. 1995) (internal quotation marks and citations omitted).

First, the court notes that the Defendant's testimony at trial was wholly not credible. Her implausible explanations were further unsupported by the testimony of her

acquaintance, the supposed chauffeur, who was out of state on the night in question. Second, the Defendant was in the driver's seat of the vehicle, with the motor running and lights on while parked part way in Mr. Alexander's yard and part way on a residential motor way. After dismissing her incredible excuse, the only reasonable inference to draw was that the Defendant had driven the vehicle to its ultimate destination. Further, the fact of the Defendant's DUI-related license suspension was proven by the entry into evidence of the Defendant's Certified Driving Record at Commonwealth's Exhibit 1.

Next, Defendant argues there was insufficient evidence to prove beyond a reasonable doubt that she drove a motor vehicle on a highway or trafficway of this Commonwealth to support a guilty verdict for Driving Under Suspension, DUI-Related.

The Motor Vehicle Code defines "highway" as:

> The entire width between the boundary lines of every way publicly maintained when any part thereof is <u>open to the use of the public for purposes of vehicular travel</u>. The term includes a roadway open to the use of the public for vehicular travel on grounds of a college or university or public or private school or public or historical park.

75 Pa.C.S. § 102 (emphasis added).

The Code defines "trafficway" as, "[t]he entire width between property lines or other boundary lines of every way or place of which any part is <u>open to the public for purposes of vehicular travel</u> as a matter of right or custom." Id. (emphasis added).

As testified to by Mr. Alexander and Officer Justh, Defendant's vehicle was discovered partially parked on a residential road that was lined with homes connected to the road by driveways. As such, the road was obviously open to the public for vehicular

-5-

travel and therefore meets the statutory definition for highway or trafficway. Defendant's second argument must fail.

### III. Conclusion

In sum, the credible testimony of Officer Justh and Justin Alexander, along with the uncontroverted evidence of the Defendant's blood alcohol concentration and driving record vastly outweigh the Defendant's completely implausible testimony and constitute sufficient evidence to support all of the convictions in this matter. Further, the nature of the roadway, as credibly described by the witnesses, clearly establishes that it constituted a highway or trafficway for the purpose of convicting Defendant of Driving Under Suspension – DUI Related. It is respectfully submitted that this court's judgment of sentence be affirmed in all respects.

By the Court,

_____
Albert H. Masland, J.

Matthew P. Smith, Esquire
District Attorney's Office

Joshua M. Yohe, Esquire
Public Defender's office
For Defendant

Copies delivered                    JAN 0 7 2016

-6-