J-A08026-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MARCUS A. GREEN | : | |
| | : | No. 1671 EDA 2017 |
| Appellant | : | |

Appeal from the Judgment of Sentence April 25, 2017
In the Court of Common Pleas of Delaware County Criminal Division at
No(s):  CP-23-CR-0002453-2015

BEFORE:   PANELLA, J., LAZARUS, J., and STRASSBURGER*, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED AUGUST 13, 2018**

Marcus A. Green appeals from the judgment of sentence, entered in the Court of Common Pleas of Delaware County, after a jury convicted him of three counts of possession of a controlled substance (oxycodone),[1] three counts of possession of drug paraphernalia,[2] two counts of criminal conspiracy to possess a controlled substance,[3] and possession of a firearm by a prohibited person.[4]  Upon careful review, we affirm, in part on the basis of the opinion authored by the Honorable Mary Alice Brennan.

---

[1] 35 P.S. § 780-113(a)(16).

[2] 35 P.S. § 780-113(a)(32).

[3] 18 Pa.C.S. § 903.

[4] 18 Pa.C.S. § 6105.

---

*   Retired Senior Judge assigned to the Superior Court.

Green's convictions stem from a search conducted at his home pursuant to a warrant obtained after members of the Upper Darby Township Narcotics Unit observed Green make three hand-to-hand controlled sales of crack cocaine to a confidential informant (CI).  When agents entered Green's home to execute a search warrant, the Narcotics Unit, accompanied by the Delaware County Drug Task Force, encountered Green and his girlfriend, Monique Edwards, in the living room.  On Green's person were two iPhones, $3,343.00 in cash, and one pill later identified as oxycodone.  Throughout the house the agents found numerous empty ziploc bags, two scales with powdery white residue on them, a razor with powdery white residue on it, $6,000.00 in cash, oxycodone pills, suboxone in film and pill form, and a loaded .380 automated hand gun.

After a trial held on February 1, 2017, a jury found Green guilty of the above charges.  On April 25, 2017, the trial court sentenced him to an aggregate sentence of four to ten years' imprisonment.  This timely appeal followed, in which Green raises the following issues:

1. Whether the evidence at trial was insufficient to support the conviction for [p]ossession of a [f]irearm [p]rohibited[?]

2. Whether [the Commonwealth] failed to carry its burden of proof to establish the validity and veracity of the information contained in the search warrant; and whether the Honorable Court below erred by not affording [Green] the traditional safeguard of cross-examination, to test the truthfulness of the recitals[?]

3. Whether the Honorable Court below erred by permitting expert testimony regarding drug distribution with respect to the use of drug paraphernalia[?]

4. Whether the Honorable Court below erred by denying [Green's] request for the jury instruction [on the] defense [of] authorization for possession of a controlled substance, and denying [Green] the opportunity to adequately argue a defense [of] authorization[?]

5. Whether [Green's] right to remain silent was violated by Sergeant [Timothy] Bernhardt's testimony during cross-examination[?]

6. Whether the Honorable Court below erred by not quashing the preliminary hearing transcript as a result of [the Commonwealth] not establishing a *prima facie* case[?]

7. Whether the Honorable Court below erred by denying [Green's] motion *in limine* to exclude[] the admission of Exhibit 36A, a staged photograph of seized evidence[?]

Appellant's Brief, at 4-5.[5]

Green's first assignment of error concerns the sufficiency of the evidence to sustain his possession of a firearm conviction. Our standard of review of such claims is well-settled:

In challenges to the sufficiency of the evidence, our standard of review is *de novo*, however, our scope of review is limited to considering the evidence of record, and all reasonable inferences arising therefrom, viewed in the light most favorable to the Commonwealth as verdict winner. Evidence is sufficient if it can support every element of the crime charged beyond a reasonable doubt. The evidence does not need to disprove every possibility of innocence, and doubts as to guilt, the credibility of witnesses, and the weight of the evidence are for the fact-finder to decide. We will not disturb the verdict unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances.

---

[5] We have renumbered certain of Green's claims for ease of disposition.

J-A08026-18

***Commonwealth v. Forrey***, 108 A.3d 895, 897 (Pa. Super. 2015) (internal citations and quotation marks omitted).

When contraband is not found on a defendant's person, the Commonwealth may meet its burden by showing possession existed jointly or constructively. ***Commonwealth v. Roberts***, 133 A.3d 759, 767-68 (Pa. Super. 2016). Constructive possession is essentially an inference arising from the facts and circumstances that possession of the contraband was more likely than not. ***Id.*** at 768. "The Commonwealth may sustain its burden by means of wholly circumstantial evidence." ***Id.*** Upon review of the record, the briefs and the relevant law, we conclude that Judge Brennan thoroughly and correctly addresses this claim in her opinion, and we affirm on that basis.

Green next argues the trial court abused its discretion by denying him the opportunity to cross-examine the affiant of the search warrant, in order to test her truthfulness. For the following reasons, Green is entitled to no relief.

Prior to trial, Green filed an omnibus motion seeking, *inter alia*, production of the CI and suppression of the evidence obtained pursuant to the search warrant, which Green argued was not supported by probable cause. At a hearing held on November 12, 2015, Green informed the court that he was not actually seeking immediate production of the CI.[6] Rather, he sought

---

[6] Green's counsel stated that he had filed the motion simply to place the court and the Commonwealth on notice of the possibility that he may, at a later date, request production of the CI.

- 4 -

first to cross-examine the affiant in order to test the truth of the recitals in the affidavit. Only if the suppression hearing resulted in a finding by the court that the affiant had been untruthful would Green seek production of the CI. For its part, the Commonwealth rested on the four corners of the affidavit. At the close of the hearing, the parties requested to brief the matter, which request was granted. On January 5, 2016, the court denied Green's motion without holding a suppression hearing.

A defendant has the right to test the veracity of the facts recited in the affidavit of probable cause. **Commonwealth v. James**, 69 A.3d 180, 187 (Pa. 2013). "To rule otherwise, would permit police in every case to exaggerate or expand on the facts given to the magistrate merely for the purpose of meeting the probable cause requirement, thus precluding a detached and objective determination." **Commonwealth v. Hall**, 302 A.2d 342, 344 (Pa. 1973). Where the issuance of a warrant is based on information provided by a CI, "[i]f the informant was reliable, the search warrant was issued with probable cause[;] if the informant was proven to be without reliability, the warrant was improperly issued." **Id.** at 345. While it is the Commonwealth's burden to prove the veracity of the statements contained in the affidavit when the validity of the warrant is disputed, **James**, **supra** at 189, "the defendant must specify in his suppression motion his challenge to the affidavit so the Commonwealth is alerted to its burden of proof; bald allegations of failure to show probable cause are insufficient and require

nothing more than introduction of the affidavit and warrant." ***Id.***, quoting ***Commonwealth v. Ryan***, 407 A.2d 1345, 1348 (Pa. Super. 1979).

Here, Green's motion to suppress alleged only a lack of probable cause. However, in his motion to produce the confidential informant, which he incorporated by reference into his suppression motion, Green challenged the reliability of the CI. This specific challenge to the validity of information contained in the affidavit was sufficient to alert the Commonwealth to its burden of proof, and a suppression hearing should have been held, at which the Commonwealth would have borne the burden of establishing the validity of the statements contained in the affidavit using live witnesses subject to cross-examination. ***See James***, 69 A.3d at 189. However, in this case, the trial court's failure to hold such a hearing was harmless error. Even if all information obtained as a result of tips provided by the CI were excised from the affidavit, probable cause would still exist by virtue of the three controlled buys orchestrated and thoroughly documented in the affidavit by Officer McAleer. Accordingly, the reliability of the CI is ultimately irrelevant. Because the only other allegation in Green's suppression motion was a bald claim of a lack of probable cause, the Commonwealth was not required to introduce anything beyond the affidavit and warrant. ***James***, ***supra***. Green is entitled to no relief.

Green next challenges the admission of Commonwealth expert testimony to prove Green's intent to distribute drugs. "The admissibility of expert testimony is within the sound discretion of the trial court and will not

be reversed absent an abuse of discretion." ***Commonwealth v. Petrovich***, 648 A.2d 771, 772 (Pa. 1994). Expert testimony is admissible to illustrate the *modus operandi* of the drug trade, as it is admissible to explain any relevant but obscure area of knowledge. ***Commonwealth v. Davenport***, 452 A.2d 1058, 1062, 1063 n.1 (Pa. Super. 1982). The term drug paraphernalia is defined as "[c]apsules, balloons, envelopes and other containers used, intended for use or designed for use in packaging small quantities of controlled substances." 35 P.S. § 780-102(b)(9). However, it is also true that many items, such as capsules and envelopes, have uses entirely unrelated to illegal drug activity. Thus, section 780-102 enumerates factors to consider in determining whether an item constitutes drug paraphernalia. "The thrust of these considerations[] is that the Commonwealth must establish that the items possessed[] were used or intended to be used with a controlled substance." ***Commonwealth v. Torres***, 617 A.2d 812, 815 (Pa. Super. 1992). The Commonwealth may prove this through circumstantial evidence. ***Id.***

Here, the Commonwealth presented evidence consisting of various small ziploc bags, a scale, and a razor to prove Green's intent to distribute drugs. Thus, the testimony of two police officers was admissible to explain how the possession of these items was consistent with an intent to deliver rather than mere possession for personal use. ***Commonwealth v. Ariondo***, 580 A.2d 341, 350-51 (Pa. Super. 1990). The trial court, therefore, did not err in admitting the expert testimony which provided this context for the jury.

Green next alleges the trial court improperly denied his request for jury instructions on his defense that he was authorized to possess the single oxycodone pill found on his person. "A defendant is entitled to an instruction on any recognized defense which has been requested, which has been made an issue in the case, and for which there exists evidence sufficient for a reasonable jury to find in his or her favor." **Commonwealth v. Weiskerger**, 554 A.2d 10, 14 (Pa. 1989); Pa.R.Crim.P. 647. Green's only evidence in support of his authorization claim was the testimony of his best friend, Maurice Edge, that Green at one time had a prescription for "some type of pain killer." N.T. Trial, 2/1/17, at 195. Edge did not know specifically what drug it was or when Green allegedly possessed the prescription. Because this evidence was insufficient for a reasonable jury to find in Green's favor on this issue, the trial court properly denied the requested jury instructions on authorization.

Next, Green contends that trial testimony of Sergeant Timothy Bernhardt violated his right to remain silent. Specifically, on cross-examination, defense counsel asked Sergeant Bernhardt, "Did you interview my client in any way and ask him any questions about any of the items present inside the house?" Bernhardt answered, "So, I attempted to and that's when I was told to go pound sand." **Id.** at 28. Green argues he was not given any notice through pretrial discovery that he had invoked his right to remain silent, and therefore Green was "not able to request, through pretrial motions, that the evidence of his pre-arrest silence be subjected to an assessment by the

[trial court] to determine whether the probative value of his pre-arrest silence outweighed the prejudicial effect." Appellant's Brief, at 42.

Green's argument is misplaced. It is true that the Commonwealth "cannot use a non-testifying defendant's pre-arrest silence to support its contention that the defendant is guilty of the crime charged as such use infringes on a defendant's right to be free from self-incrimination." ***Commonwealth v. Adams***, 39 A.3d 310, 318 (Pa. Super. 2012) (internal citations omitted). Thus, a non-testifying defendant's pre-arrest silence is deemed "constitutionally protected," and cannot be used as substantive evidence of guilt. ***Id.*** However, Green's premise is inapplicable to the case at bar, where his pre-arrest statements were not being used by the Commonwealth as substantive evidence of guilt. Indeed, it was defense counsel who elicited the testimony on cross-examination, and counsel made no objection, nor requested a sidebar, nor any type of curative instruction. Furthermore, the Commonwealth did not exploit the reference. Accordingly, Sergeant Bernhardt's testimony did not infringe upon Green's right to remain silent. Moreover, because Green failed to object to the testimony, the claim is waived. ***See Commonwealth v. Houck***, 102 A.3d 443 (Pa. Super. 2014) (failure to lodge timely and specific objection before trial court waives issue on appeal).

Green next claims the trial court erred by not granting his motion to quash at the preliminary hearing, after the Commonwealth allegedly failed to establish a *prima facie* case. Green is entitled to no relief.

It is well-settled that once a defendant has gone to trial and guilt is proven beyond a reasonable doubt, any claims regarding the sufficiency of the evidence at the preliminary hearing become moot. **Commonwealth v. Rivers**, 644 A.2d 710, 715 (Pa. 1994); **see also Commonwealth v. Lee**, 662 A.2d 645, 650 (Pa. 1995) (adjudication of guilt renders moot any allegation that Commonwealth failed to establish prima facie case at preliminary hearing). Accordingly, Green's claim is moot.

Green's final claim is that the trial court erred by permitting the admission of Exhibit 36A, a staged police department photograph of the evidence seized from the premises. Green argues this photograph was irrelevant and unfairly prejudicial. The admissibility of evidence is a matter for the trial court's discretion, and a ruling will only be reversed for an abuse of discretion. **Commonwealth v. Antidormi**, 84 A.3d 736, 749 (Pa. Super. 2014). The trial court addressed this issue as follows:

> [Green] does not state how the introduction of this evidence prejudiced him[,] hampering this [c]ourt's ability to address his specific concern. However, each item depicted in the photograph was admitted into evidence and published to the jury at trial. It is difficult to construe how a photograph of the same items admitted into evidence at trial prejudiced [Green] any more [than] the admission of the original items. [Green's] claim lacks merit.

Trial Court Opinion, 7/17/17, at 17.

We can discern no abuse of discretion on the part of the trial court in concluding that Exhibit 36A was admissible. Green is entitled to no relief.

Judgment of sentence affirmed.

- 10 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/13/18

IN THE COURT OF COMMON PLEAS OF DELAWARE COUNTY, PENNSYLVANIA
CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA :
:
:
v. : NO. CP-23-CR-0002453-2015
:
MARCUS A. GREEN :

A. Shelton Kovach, Esquire, for the Commonwealth
James B. Halligan, III, Esquire, for Defendant

## OPINION

Brennan, J.                                                                July 17, 2017

### I. STATEMENT OF FACTS AND PROCEDURAL HISTORY

After observing the Defendant, Marcus A. Green make three hand to hand controlled buys of crack cocaine to a confidential informant, members of the Upper Darby Township Narcotics Unit obtained a search warrant for Defendant's residence located at 945 Fariston Road, Drexel Hill Pennsylvania. On Friday, March 13, 2015 at approximately 5:45 p.m. the Upper Darby Township Narcotics Unit along with members of the Delaware County Drug Task Force executed the search warrant. Upon entering the house, they found the Defendant and his girlfriend and mother of their children, Monique Edwards in the living room.

Located on the Defendant's person were three thousand three hundred forty three dollars ($3,343.00) in US currency, a silver iPhone, a blue iPhone and one round green pill later identified as 15mg Oxycodone, a schedule II narcotic.

1

53

Located in a black purse found between Edwards and the Defendant was a black coin purse containing a plastic bag with numerous green ziploc bags and a knotted sandwich bag filled with a hard white substance, later identified as cocaine; three 8mg Suboxone sublingual films; and a tissue containing three round peach colored pills later identified as 8mg Suboxone, a schedule III narcotic.

In the kitchen, under the kitchen sink was found a Power House Bowl Cleaner with a false bottom containing four apple ziploc bags each filled with numerous empty ziploc bags; also found in a kitchen drawer was a black and silver digital scale with residue from a white powder substance, and a razor blade with residue from a white powder substance. In the dining room,the police recovered a book "The Scarpetta Factor" with a false center containing six thousand dollars ($6,000.00) in U.S currency and two round white pills, identified as Oxycodone/ Acetaminophen, a schedule II narcotic. Located in the first floor coat closet were a black and silver digital scale with residue from a white powder substance and one box of 9mm ammunition. In the second floor front bedroom closet was located a Ruger box containing one fully loaded black and purple .380 auto hand gun and US mail addressed to Marcus Green.

After a jury trial held on February 1, 2017, the Defendant was convicted of

2

three counts of Possession of a Controlled Substance[1], two counts of Conspiracy to Possess a Controlled Substance[2], three counts of Possession of Drug Paraphernalia[3] and one count of Possession of a Firearm by Prohibited Persons.[4] This timely appeal followed sentencing.

## II. DISCUSSION

In his 1925(b) statement the Defendant raises numerous allegations of error. Each is addressed below.

Defendant challenges the sufficiency of the evidence to support convictions for the offenses of Possession of a Controlled Substance, Possession of Drug Paraphernalia, Conspiracy to commit Possession and Possession of a Firearm Prohibited.[5]

A claim challenging the sufficiency of the evidence is a question of law. *Commonwealth v. Strouse*, 2006 Pa. Super. 273, 909 A.2d 368 (2006); *Commonwealth v. Dale*, 2003 Pa. Super. 413, 836 A.2d 150 (2003). When reviewing a challenge to the sufficiency of the evidence to support a conviction, the

[1] 35 P.S. Section 780-113 - A16.

[2] 18 P.S. Section 903.

[3] 35 P.S. Section 780-113 - A32.

[4] 18 P.S. Section 6105 - A1.

[5] See Paragraph 3 of Defendant's 1925(b) Statement.

3

court must determine whether the evidence was sufficient to enable the trier of fact to find every material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt, viewing the evidence and the reasonable inferences therefrom in a light most favorable to the Commonwealth, as the verdict winner. *Commonwealth v. Strouse,* supra; *Commonwealth v. Dale,* supra. (See also *Commonwealth v. McCloskey*, 2003 Pa. Super. 409, 835 A.2d 801 (2003); *Commonwealth v. Widmer*, 560 Pa. 308, 744 A.2d 745 (2000)).

The Commonwealth may sustain its burden by proving the crime's elements with evidence which is entirely circumstantial and the trier of fact, who determines credibility of witnesses and the weight to give evidence produced, is free to believe all, part, or none of the evidence. *Commonwealth v. Jette*, 818 A.2d 533, 534 (Pa. Super 2003)

The Superior Court may not substitute its judgment for that of the finder of fact. *Commonwealth v. Hopkins*, 747 A.2d 910 (Pa. Super. 2000). If the fact finder reasonably could have determined from the evidence adduced that all of the necessary elements of the crime were established, then that evidence will be deemed to support the verdict. *Commonwealth v. Wood*, 432 Pa. Super. 183, 637 A.2d 1335 (1994). The standard applies equally to cases in which the evidence is circumstantial, rather than direct, as long as the evidence as a whole links the accused to the crime charged beyond a reasonable doubt. *Commonwealth v.*

4

**56**

*Hardcastle*, 519 Pa. 236, 546 A.2d 1101 (1988); *Commonwealth v. Swerdlow*, 431 Pa. Super. 453, 636 A.2d 1173 (1994). Additionally, mere conflicts in the testimony of the witnesses do not render the evidence insufficient. *Commonwealth v. Moore*, 436 Pa. Super. 495, 648 A.2d 331 (1994). Issues of credibility are left to the finder of fact, who is free to accept all, part, or none of a witness's testimony. *Commonwealth v. Johnson*, 542 Pa. 384, 668 A.2d 97 (1995); *Commonwealth v. Valette*, 531 Pa. 384, 388, 613 A.2d 548 (1992); *Commonwealth v. Simmons*, 541 Pa. 211, 662 A.2d 621 (1995); *Commonwealth v. Kelley*, 444 Pa. Super. 377, 664 A.2d 123 (1995); *Commonwealth v. Lytle*, 444 Pa. Super. 126, 663 A.2d 707 (1995). The facts and circumstances established by the Commonwealth need not preclude every possibility if innocence. Questions of doubt are for the finder of fact, unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the totality of the circumstances. *Commonwealth v. Cassidy*, 447 Pa. Super. 192, 668 A.2d 1143 (1995); *Commonwealth v. Govens*, 429 Pa. Super. 464, 488, 632 A.2d 1316 (1993), alloc. den., 539 Pa. 675, 652 A.2d 1321 (1994). Only when the evidence offered to support the verdict is in contradiction to the physical facts, or in contravention to human experience and the laws of nature, can the evidence be considered insufficient as a matter of law. *Commonwealth v. Widmer,* supra. Under this standard, the evidence was more than sufficient to sustain Defendant's convictions.

**57**

Initially, it must be noted that in his 1925(b) statement, the Defendant does not specify which element of the charges the Commonwealth has failed to prove. When an appellant is challenging the sufficiency of the evidence on appeal, their 1925 statement "must specify the element or elements upon which the evidence was insufficient" so as to preserve the issue for appeal. *Commonwealth v. Flores*, 921 A.2d 517, 522-523 (Pa. Super. 2007); see also *Commonwealth v. Lemon*, 804 A.2d 34, 37 (Pa. Super. 2002) (holding that a defendant's concise statement is inadequate where bald statements of insufficiency are advanced without further argument). That is particularly important when an appellant is challenging multiple convictions with several elements that must be proven by the Commonwealth. *Commonwealth v. Gibbs*, 981 A.2d 274, 281 (Pa. Super. 2009); *Commonwealth v. Williams*, 959 A.2d 1252, 1258 (Pa. Super. 2008).

The purpose of Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure is to facilitate the preparation of a trial court opinion, to allow meaningful appellate review of issues, and to promote the certainty, consistency, and fairness which arise when all parties are equally obligated to meet procedural rules. *Commonwealth v. Flores*, supra. If a party wishes to preserve a claim that the evidence was insufficient, then the 1925(b) statement needs to specify the element or elements upon which the evidence was insufficient. *Id* Defendant has failed to state what particular element of each offense for which there was insufficient

**58**

6

evidence.

This Court declines Defendant's invitation to scourer through the record to pinpoint each fact supporting Defendant's multiple convictions. In this case, however, there is overwhelming evidence supporting Defendant's convictions. Apparently Defendant challenges his convictions for every item of contraband he was convicted of possessing or conspiring to possess that were not found on his person.

When the contraband is not found on the defendant's person, then the Commonwealth must satisfy its burden by proof of constructive possession. The Supreme Court has defined constructive possession as "the ability to exercise a conscious dominion over the illegal substance: the power to control the contraband and the intent to exercise that control." *Commonwealth v. Macolino*, 469 A.2d 132, 134 (Pa. 1983). In *Macolino*, the Supreme Court further determined that "An intent to maintain a conscious dominion may be inferred from the totality of the circumstances.... [and], circumstantial evidence may be used to establish a defendant's possession of drugs or contraband." *Macolino*, 469 A.2d at 134. "Constructive possession is an inference arising from a set of facts that possession of the contraband was more likely than not." *Mudrick*, 507 A.2d at 1213.

Physical proximity to the controlled substance is a factor that may demonstrate constructive possession. *Commonwealth v. Petteway*, 847 A.2d 713,

7

**59**

(Pa.Super.2004). Furthermore, the Commonwealth can establish constructive possession of drug contraband by evidence of a defendant's access to the contraband. *Commonwealth v. Ocasio*, 619 A.2d 352, 354 (Pa. Super. 1993).

The jury as the fact finder determined that the Defendant constructively possessed or jointly constructively possessed with Monique Edwards the drugs and drug paraphernalia found in the common areas of their residence. It should be noted that the jury acquitted the Defendant of possession of the drugs found in Ms. Edwards' purse. As to the gun, at trial, the Defendant presented a witness who claimed ownership of the gun. The Commonwealth presented evidence that the gun was located in Defendant's bedroom closet under a stack of his mail. As noted above, issues of credibility are left to the finder of fact, who is free to accept all, part, or none of a witness's testimony. Based on the evidence presented at trial, the totality of the circumstances, taken in the light most favorable to the Commonwealth as verdict winner, was sufficient to sustain Defendant's convictions.

Defendant argues that this Court abused its discretion by denying him opportunity to cross-examination the affiant of the search warrant, to test the truthfulness of the recitals in the search warrant.[6] Specifically, the Defendant

---

[6] See Paragraph 1 of Defendant's 1925(b) Statement.

8

wanted to cross examine the affiant about her interactions with the confidential informant (CI). The only reason the Defendant could articulate for this request was he hoped of finding information that would discredit the reliability of the CI. The Commonwealth responded by submitting the search warrant into evidence and argued that probable cause for the warrant was contained in the four corners of the warrant. See N.T. 11/12/2015 pp. 23-24. Although the Defendant denied he was seeking the disclosure of the identity of the CI, his request to cross examine the affiant about the CI was aimed in that direction. At no time did the Defendant make any showing of how the CI's identity would be useful to his defense.

The identity of a confidential informant is privileged information, which the Commonwealth may decline to disclose without making any showing whatsoever. Under limited circumstances, disclosure may be allowed. See *Commonwealth v. Bing*, 713 A.2d 56, 58 (Pa. 1998). The safety of the confidential informant is the controlling factor. *Id*. Accordingly, the privilege must be honored unless and until the defendant demonstrates, pursuant to Pa.R.Crim.P. 573(B), that his request for disclosure of the informant's identity is reasonable and the informant has information that is material to the preparation of the defense. See *Commonwealth v. Roebuck*, 681 A.2d 1279, 1283 (Pa. 1996). Only if the defendant meets that threshold showing must the trial court balance the need for the informant's testimony against the public interest in effective law enforcement and the safety of

**61**

9

the informant. *Commonwealth v. Marsh*, 997 A.2d 318, 322 (Pa. 2010) (because Marsh failed to make the threshold showing, "his motion should have been rejected without any consideration of the other factors necessary to make a balanced evaluation"). Accord *Commonwealth v. Belenky*, 777 A.2d 483, 487 (Pa. Super. 2001); In the *Interest of R.S.*, 847 A.2d 685, 688 (Pa. Super. 2004).

Mere "allegations alone do not supplant the need to make an actual evidentiary showing." *Marsh*, 997 A.2d at 322. Rather, defendant must lay an evidentiary foundation that the informant has information useful to his defense. *Commonwealth v. Herron*, 380 A.2d 1228, 1231 (Pa. 1977) (defendant should make an offer of proof indicative of the defense to which confidential informant's testimony might be useful); *Commonwealth v. Eicher*, 605 A.2d 337, 348 (Pa. Super. 1992) (appellant seeking disclosure of informant must have "concrete evidence" corroborating defense theory "other than his own self-serving allegations;" absent "more specific evidence," the trial court is not required to compel disclosure and allow defense to conduct fishing expedition).

Furthermore, in the case at bar, the informant was not a witness. An eyewitness is one who observed the criminal act and can testify about it. Defendant was not charged with selling or delivering drugs to the informant. He was charged for the possession of the drugs and drug paraphernalia recovered from his home. The informant was not a witness to the recovery of any of the contraband. See

**62**

10

*Commonwealth v. Iannaccio,* 480 A.2d 966 (Pa. 1984) (identity of confidential informant whose tip was used in support of search warrant not discoverable under rules of discovery where confidential informant was not eyewitness to crimes charged). See also *Commonwealth v. Hritz,* 663 A.2d 775, 777-778 (Pa.Super. 1995) (appellant was charged with possession with intent to deliver marijuana, possession of marijuana and possession of drug paraphernalia based on items recovered during a search of his house during which the informant was not present; informant not a "witness").

Where, as here, the defendant is seeking the identity of an informant for the purpose of attacking the police officer's credibility and probable cause, in order to satisfy his initial burden, the defendant must demonstrate: 1) a good faith basis for believing the officer willfully misrepresented the existence of the informant or the information conveyed by the informant; 2) without the information from the informant, no probable cause existed; and 3) production of the informant is the only means of substantiating his claim. *Commonwealth v. Bonasorte,* 486 A.2d 1361 (Pa.Super. 1984) at 1373-1374. Defendant did not come close to satisfying his threshold burden. In fact, his own admission defeats his claim. "We are not saying officers are lying, we are saying we need to make sure they are honest, we need to make sure they are truthful." N.T. 11/12/2015 pp. 19-20. Additionally, in this case the officers observed the Defendant make three controlled buys which standing

**63**

11

alone would establish probable cause to issue the warrant. Defendant's argument that he was prejudiced by this Court's ruling lacks merit.

Defendant next alleges this Court erred by permitting Officer McAleer and Sergeant Bernhardt to testify at trial about drug distribution with respect to the drug paraphernalia seized from Defendant's residence.[7] "The admissibility of expert testimony is within the sound discretion of the trial court and will not be reversed absent an abuse of discretion." *Commonwealth v. Petrovich*, 648 A.2d 771, 772 (Pa. 1994). An abuse of discretion "may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, or ill-will, or such lack of support so as to be clearly erroneous." *Commonwealth v. Dillon*, 925 A.2d 131, 136 (Pa. 2007); *Grady v. Frito-Lay. Inc.*, 839 A.2d 1038, 1046 (Pa. 2003). It is well settled that "expert testimony is admissible in all cases, civil and criminal alike, when it involves explanations and inferences not within the range of ordinary training, knowledge, intelligence and experience." *Commonwealth v. Nasuti*, 123 A.2d 435,438 (Pa. 1956).

Since it is "well established that all the facts and circumstances surrounding possession are relevant in making a determination of whether contraband was possessed with the intent to deliver," the Superior Court has consistently held that

---

[7] See Paragraph 2 of Defendant's 1925(b) Statement.

12

"[e]xpert testimony is admissible concerning whether the facts surrounding the possession of controlled substances are consistent with an intent to deliver rather than with an intent to possess it for personal use." *Commonwealth v. Ariondo*, 580 A.2d 341, 350-51 (Pa. Super. 1990) (collecting cases; citations omitted). In particular, expert testimony is admissible to inform jurors of the modus operandi of the drug trade, just as it is admissible to illustrate any relevant but obscure area of knowledge. *Commonwealth v. Davenport*. 452 A.2d 1058, 1062, 1063 n.1 (Pa. Super. 1982.) Based on the foregoing, this Court's ruling to allow the officers to testify as experts was not an abuse of discretion.

Next, the Defendant alleges this Court improperly denied jury instructions to the Defense of Authorization to possess the single pill found on his person.[8]

"A defendant is entitled to an instruction on any recognized defense which has been requested, which has been made an issue in the case, and for which there exists evidence sufficient for a reasonable jury to find in his or her favor." *Commonwealth v. Weiskerger*, 554 A.2d 10, 14 (Pa. 1989); Pa.R.Crim.P. 1119.

In this case, the Defendant presented no competent evidence that he had a prescription for the pill other than his own self-serving testimony. Therefore, this Court properly refused to give the authorization instruction.

---

[8] See Paragraph 4 of Defendant's 1925(b) Statement.

13

Defendant next argues his 5th Amendment right to remain silent was violated when Sergeant Bernhardt testified that he attempted to speak with Defendant regarding the items in the residence, and that Defendant told Sergeant Bernhardt "to go pound sand."[9] The Commonwealth did not elicit this testimony. It was offered in response to defense counsel's cross examination. Defense Counsel: "Did you interview my client in any way and ask him any questions about any of the items present inside the house?" Sergeant Bernhardt: "So, I attempted to and that's when I was told to go pound sand." N.T. 2/1/2017 p 28 l. 9-13. Defendant's contention is meritless.

Defendant's next complaint is this Court erred by not granting his Motion to Quash as the result of the Commonwealth failing to establish a prima facie case at the preliminary hearing.[10]

A preliminary hearing is not a mini-trial and a preliminary hearing judge is not a trier of fact. The limited function of a preliminary hearing "is not to prove defendant's guilt." *Commonwealth v. Jackson*, 849 A.2d 1254, 1257 (Pa.Super. 2004), quoting *Commonwealth v. Tyler*, 587 A.2d 326, 328 (Pa.Super. 1991) (emphasis in original); accord *Commonwealth v. Cordoba*, 902 A.2d 1280, 1285 (Pa.Super. 2006). Rather, "the question is whether the prosecution must be

---

[9] See Paragraph 5 of Defendant's 1925(b) Statement.

[10] See Paragraph 6 of Defendant's 1925(b) Statement.

66

14

dismissed because there is nothing to indicate that the defendant is connected with a crime." *Commonwealth v. Meder*, 611 A.2d 21, 216 (Pa.Super, 1992, alloc. denied, 622 A.2d 1375 (Pa. 1993), quoting *Commonwealth v. Rick*, 366 A.2d 302, 303-04 (Pa.Super. 1976). A prima facie case exists where the Commonwealth produces evidence of each of the material elements of the charged crime and establishes probable cause that defendant committed it. *Commonwealth v. Karetny*, 880 A.2d 505, 514 (Pa. 2005).

The court must accept as true all evidence and all reasonable inferences therefrom, that would warrant a judge allowing the case to go to the jury. *Commonwealth v. Huggins*, 836 A.2d 862, 866 (Pa. 2003); *Commonwealth v. Williams*, 911 A.2d 548, 550-51 (Pa.Super. 2006). Credibility determinations, as well as the ultimate determination of the sufficiency of the evidence, are exclusively for the factfinder at trial. *Commonwealth v. Jury*, 636 A.2d 164, 169 (Pa.Super. 1993); *Commonwealth v. Lodise*, 419 A.2d 561, 564 (Pa.Super. 1980). The failure to view the evidence in the light most favorable to the Commonwealth in assessing the existence of a prima facie case is a reversible error. *Commonwealth v. McBride*, 595 A.2d 589, 592 (Pa. 1991); *Commonwealth v. Hendricks*, 927 A.2d 289, 291 (Pa.Super. 2007); *Commonwealth v. Williams*, 911 A.2d at 550-51.

At a preliminary hearing the Commonwealth need only produce evidence of constructive possession and establish probable cause that defendant committed it

15

based on reasonable inferences and circumstantial evidence. *Commonwealth v. McBride*, 595 A.2d 589, 592 (Pa. 1991). In this case, the evidence presented at the preliminary hearing, along with the reasonable inferences therefrom, viewed in the light most favorable to the Commonwealth, clearly was sufficient to establish a prima facie case against the Defendant.

Defendant's last assignment of error is the Court erred by permitting the admission of Exhibit 36A, a staged police department photograph of the evidence seized from the premises, because the exhibit violated Pennsylvania Rules of Evidence 401 and 403 and prejudiced the Defendant.[11]

The admissibility of evidence is a matter for the discretion of the trial court and a ruling will only be reversed on an abuse of discretion. *Commonwealth v. Antidormi*, 84 A.3d 736, 749 (Pa. Super. 2014). "A conclusion that the trial court abused its discretion 'requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill will, or such lack of support so as to be clearly erroneous." *Commonwealth v. Spotz*, 47 A.3d 63, 122 (Pa. 2012) (citing *Commonwealth v. Travaglia*, 28 A.3d 868, 873 874 (Pa. 2011)). In determining whether evidence should be admitted, the trial court must weigh the relevance and probative value of the evidence against the prejudicial impact of the evidence. *Id*. Evidence is relevant if it "has a tendency to make a fact more or less probable than it would be without

**68**

16

the evidence and the fact is of consequence in determining the action." Pa.R.E. 401.

Pennsylvania Rules of Evidence 403 states that "[t]he court may exclude relevant evidence if its probative value is outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Pa.R.E. 403.

Defendant does not state how the introduction of this evidence prejudiced him hampering this Court's ability to address his specific concern. However, each item depicted in the photograph was admitted into evidence and published to the jury at trial. It is difficult to construe how a photograph of the same items admitted into evidence at trial prejudiced Defendant anymore that the admission of the original items. Defendant's claim lacks merit.

## III. CONCLUSION

For the foregoing reasons, the Judgment of Sentence should be affirmed on appeal.

BY THE COURT:

MARY ALICE BRENNAN, J.

---

[11] See Paragraph 7 of Defendant's 1925(b) Statement.