582 A.2d 14

**COMMONWEALTH of Pennsylvania, Appellee,**

**v.**

**Dawud ROBINSON, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 17, 1990.

Filed Nov. 5, 1990.

David Zuckerman, Philadelphia, for appellant.

Harriet R. Brumberg, Asst. Dist. Atty., Philadelphia, for Com.

Before CAVANAUGH, WIEAND and HUDOCK, JJ.

CAVANAUGH, Judge:

This is an appeal from a judgment of sentence imposed after appellant was found guilty by a jury of possession with intent to deliver a controlled substance. Two issues are presented for review: whether appellant's motion to suppress physical evidence was improperly denied and whether the evidence was sufficient to sustain the convictions.

The appellant was arrested February 1, 1989. The arresting officer testified at the hearing on the motion to suppress physical evidence that he was outside his marked patrol car near an intersection at 9:40 P.M. when he observed an automobile turn wide around the corner and enter the opposing lane of travel. The car was moving at a high rate of speed and "laying rubber." The officer turned on his lights and signaled the driver to pull over. The car was occupied by the driver, a front seat passenger, and appellant in the rear passenger seat. The officer approached the driver and requested information regarding identification. The driver was unable to produce a driver's license or registration card. When asked by the officer who owned the vehicle, the driver gave conflicting answers that it was his own car, his cousin's car, or his nephew's car. The officer then asked the driver to get out of the car, and he frisked the driver for weapons. The two passengers were also told to get out of the car. As appellant was exiting, the officer saw him reach into his pocket and attempt to throw a clear plastic bag in the back seat. The officer caught the bag and suspected it to contain illegal drugs. A field test performed a short while later, after appellant's arrest, indicated the presence of crack cocaine in the 38 individual vials in the bag.

■ The thrust of appellant's first argument is that his right protected by the United States and Pennsylvania Constitutions to be free from unreasonable searches and seizures was violated. He contends that the officer was without legal basis to order him from the car since he was merely a passenger and the car was stopped for a traffic violation. Primary reliance is placed upon *Commonwealth v. Pollard*, 450 Pa. 138, 299 A.2d 233 (1973) to support the position that the officer acted without lawful justification. Appellant describes the facts of *Pollard* as being identical to those involved in the instant case. In *Pollard*, the supreme court held that a passenger could not be ordered from a vehicle which had been stopped by police for traffic violations for the sole reason that it was in a high crime area. There existed no basis upon which the officers could form a reasonable belief that criminal activity was afoot.

We find, however, that the facts of *Pollard* and of this case differ in a material manner—the arresting officer here did have sufficient basis to form a reasonable belief that criminal activity was afoot, i.e., the vehicle may have been stolen. That the driver had no driver's license, owner's card, registration card, or any other form of identification and that he gave conflicting information concerning the ownership of the car, was sufficient to allow the officer to form a reasonable belief that criminal activity was afoot. Removing all the occupants from the car while he checked the Vehicle Identification Number (VIN) on the dashboard was a reasonable precaution taken by the officer to protect his safety.

■ Where there is a reasonable suspicion of criminal activity *or* of a passenger's being armed and dangerous, a police officer may order a passenger to alight from a vehicle that has been stopped for a traffic violation. *Commonwealth v. Elliott*, 376 Pa.Super. 536, 546 A.2d 654 (1988). An arresting officer need not expose himself or herself to potential injury from a passenger during the course of an investigation being conducted to determine if the vehicle is stolen. Once the officer formed the reason-

able belief that the car may have been stolen, he was legally entitled to take the protective step of removing all the occupants from the car in order to examine the VIN on the dashboard. The United States Supreme Court has recognized the significance of the VIN and the necessity of safeguarding an officer's physical well-being during an investigation to determine it. A demand to inspect the VIN is within the scope of police authority pursuant to a traffic violation stop. *New York v. Class*, 475 U.S. 106, 115, 106 S.Ct. 960, 966, 89 L.Ed.2d 81, 91 (1986). Since the officer had authority to inspect the VIN, it follows that he may take reasonable precautions against physical harm that may be inflicted by any occupant of the vehicle.

■ Appellant relies upon the state constitution, Article I, Section 8 for protection of his privacy rights broader than that afforded by the Fourth Amendment of the United States Constiution. We decline to hold that state law on this issue differs from the jurisprudence developed by both state and federal courts regarding the reasonableness of searches and seizures under the Fourth Amendment. In the absence of controlling authority otherwise, we see no reason to conclude that the balance struck between an automobile passenger's privacy rights and the safety of police officers investigating stopped vehicles would be any different under the state constitution than under the federal one.

■ Appellant's second issue relates to the expert testimony offered by the Commonwealth to establish that the drugs possessed by appellant were for delivery to others, rather than for personal use. Although the police officer-expert witness testified on direct that in his opinion the quantity of drugs seized and other conditions indicated an intention to sell them, appellant points to areas of cross-examination which, he maintains, require a finding that the Commonwealth failed to prove intent to distribute.

■ Sufficient evidence supports a verdict where, when viewed in a light most favorable to the verdict winner,

all the evidence and all reasonable inferences drawn therefrom would allow a jury to find that all the elements of the crime have been established beyond a reasonable doubt. *Commonwealth v. McLean*, 396 Pa.Super. 23, 578 A.2d 4 (1990); *Commonwealth v. Ramos*, 392 Pa.Super. 583, 573 A.2d 1027 (1990). Whether a controlled substance is possessed with intent to deliver is determined by examination of all the facts and surrounding circumstances. *Commonwealth v. Ramos, supra; Commonwealth v. Parsons*, 391 Pa.Super. 273, 570 A.2d 1328 (1990). The presence or absence of drug paraphernalia may be probative of intent depending upon the circumstances.

After carefully reviewing the entire testimony of the expert witness, we conclude that the Commonwealth did sustain its burden. The witness opined that 38 vials of crack cocaine possessed by a sober, well-dressed occupant of a motor vehicle in the absence of items conducive to immediate consumption, indicated an intention to deliver. He stated that he had no doubt that delivery of the crack cocaine was appellant's intention. Although cross-examination was rigorous and pointed up possible other conclusions, the witness remained unshaken in his opinion.

The jury was free to accept or reject the opinion testimony of the expert witness. If accepted by the jury, as it clearly was, it provided an adequate basis upon which to conclude that the Commonwealth proved the intent to deliver element of the crime charged. *Commonwealth v. Smagala*, 383 Pa.Super. 466, 557 A.2d 347 (1989) is not controlling since the physical evidence in that case was consistent with both personal use and distribution. Given the mixed, ambiguous nature of the evidence, this court found insufficient evidence of intent to deliver. In the instant case all relevant factors indicated that delivery, and not personal use, of the crack cocaine was the appellant's intention.

Judgment of sentence affirmed.