617 A.2d 812

COMMONWEALTH of Pennsylvania

v.

Pedro TORRES, Appellant.

Superior Court of Pennsylvania.

Argued Sept. 22, 1992.

Filed Dec. 17, 1992.

234

Denise L. Marley, Asst. Public Defender, Doylestown, for appellant.

Stephen B. Harris, Asst. Dist. Atty., Warrington, for Com., appellee.

Before WIEAND, FORD ELLIOTT and HOFFMAN, JJ.

HOFFMAN, Judge.

This is an appeal from judgment of sentence entered January 2, 1992, for driving under the influence,[1] possession of a controlled substance with intent to deliver,[2] possession of a controlled substance,[3] and possession of drug paraphernalia.[4] On appeal, appellant challenges the sufficiency of the evidence to support his convictions for possession of a controlled substance with intent to deliver, and possession of drug paraphernalia. For the reasons that follow, we affirm.

On January 10, 1991, the appellant was charged with possession with intent to deliver a controlled substance, possession of a controlled substance, possession of drug paraphernalia, and driving under the influence. On May 14, 1991, a suppression hearing was held and the court denied defendant's motion to suppress the evidence discovered in his car. On the same day a non-jury trial was held and defendant was found guilty of all charges. Defendant filed timely post-verdict motions which were denied. On January 2, appellant was sentenced to a term of imprisonment of not less than three nor more than six years in a state correctional facility. This timely appeal followed.

Appellant first contends that the evidence is insufficient to support his conviction for possession with intent to deliver cocaine. Specifically, he argues that the quantity and manner of packaging of the drugs in the instant case is insufficient to prove guilt beyond a reasonable doubt. We disagree, and accordingly affirm.

▆ The test for reviewing a sufficiency of the evidence claim is well settled:

> [W]hether, viewing the evidence in the light most favorable to the Commonwealth as verdict winner and drawing all proper inferences favorable to the Commonwealth, the jury could reasonably have determined all elements of the crime

1. 75 Pa.C.S.A. § 3731.
2. 35 P.S. § 780–113(a)(30).
3. 35 P.S. § 780–113(a)(16).
4. 35 P.S. § 780–113(a)(32).

to have been established beyond a reasonable doubt.... This standard is equally applicable to cases where the evidence is circumstantial rather than direct so long as the combination of the evidence links the accused to the crime beyond a reasonable doubt.

*Commonwealth v. Hardcastle*, 519 Pa. 236, 246, 546 A.2d 1101, 1105 (1988) (citations omitted), *cert. denied*, 493 U.S. 1093, 110 S.Ct. 1169, 107 L.Ed.2d 1072 (1990). *See also Commonwealth v. Jackson*, 506 Pa. 469, 472–73, 485 A.2d 1102, 1103 (1984); *Commonwealth v. Brady*, 385 Pa.Super. 279, 282, 560 A.2d 802, 804 (1989).

Section 780–113(a)(30) of the Health and Safety Code, 35 P.S., states:

(a) The following acts and the causing thereof within the Commonwealth are hereby prohibited:

. . . . .

(30) Except as authorized by this act, the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance by a person not registered under this act, or a practitioner not registered or licensed by the appropriate State board, or knowingly creating, delivering or possessing with intent to deliver, a counterfeit controlled substance.

In order to be convicted under 35 P.S. § 780–113(a)(30) of possession with intent to deliver, the Commonwealth must prove that that appellant "both possessed the controlled substance and had an intent to deliver that substance." *Commonwealth v. Parsons*, 391 Pa.Super. 273, 283, 570 A.2d 1328, 1334 (1990), (citing 35 P.S. § 780–113(a)(30) (Purdon Supp. 1989), *Commonwealth v. Davis*, 331 Pa.Super. 285, 302–304, 480 A.2d 1035, 1044 (1984)). In the instant case appellant admits that he possessed the cocaine. N.T., 5/14/92 at 50–51. Appellant contends, however, that the Commonwealth has failed to establish that he had intent to deliver the cocaine.

When examining whether a controlled substance was possessed with intent to deliver, the court must consider all of the facts and circumstances surrounding the possession of the

substance. *Commonwealth v. Robinson,* 399 Pa.Super. 199, 205, 582 A.2d 14, 17 (1990) *allocatur denied,* 528 Pa. 629, 598 A.2d 282 (1991); *Commonwealth v. Ariondo,* 397 Pa.Super. 364, 383–384, 580 A.2d 341, 350–352 (1990) *allocatur denied* 527 Pa. 628, 592 A.2d 1296 (1991). Additionally, the Commonwealth may establish the elements of a crime entirely by circumstantial evidence. *Commonwealth v. Ramos,* 392 Pa.Super. 583, 592–593, 573 A.2d 1027, 1032, *allocatur denied* 527 Pa. 602, 589 A.2d 692 (1990). Thus, possession with intent to deliver can be inferred from the quantity of the drugs possessed and other surrounding circumstances, such as lack of paraphernalia for consumption. *Robinson,* at 205, 582 A.2d at 17.

In the instant case the Commonwealth established the following relevant facts. Appellant was pulled over by a Officer Wayne Apice for traveling 45 miles per hour in a 25 mile per hour zone. Appellant was the sole occupant of his vehicle. Appellant was arrested for driving under the influence after Officer Apice detected a strong odor of alcohol on appellant's breath and appellant failed several field sobriety tests. During an inventory search of appellant's vehicle, officer Apice discovered 4.63 grams of cocaine, which were individually wrapped into seventeen packets, in a leather pouch in appellant's glove compartment. Each packet weighed approximately .27 grams, and was wrapped in the corners cut from sandwich bags that were secured with a blue tie. Officer Apice also found a clear plastic bag containing three unopened boxes of plastic sandwich bags on the backseat. Officer Apice did not discover any drug paraphernalia commonly associated with the consumption of cocaine. Finally, two-hundred and thirty-six dollars in small denominations were discovered on appellant's person.

Additionally, the Commonwealth presented the testimony of expert witness police officer Christopher Barry. Officer Barry testified that in his opinion the above mentioned facts indicated that appellant possessed the cocaine with intent to deliver, rather than for his own personal use.

Viewing this evidence in the light most favorable to the Commonwealth, we believe that the trier of fact could conclude that appellant possessed the cocaine with intent to deliver. Appellant's reliance on *Commonwealth v. Smagala,* 383 Pa.Super. 466, 557 A.2d 347 (1989); *Commonwealth v. Bagley,* 296 Pa.Super. 43, 442 A.2d 287 (1982); *Commonwealth v. Pagan,* 315 Pa.Super. 7, 461 A.2d 321; and *Commonwealth v. Gill,* 490 Pa. 1, 415 A.2d 2 (1980) is misplaced. Each of these cases is factually distinguishable from the instant case. In both *Smagala* and *Gill,* unlike the instant case, the appellants possessed use paraphernalia, which indicated an intent to consume rather than distribute the controlled substances involved. Additionally in *Bagley,* expert testimony was not presented, as in the instant case, concerning the appellant's intent to deliver the controlled substance. Finally, in *Pagan,* the appellant possessed only a small amount of marijuana; no testimony was presented by the Commonwealth as to how this amount was consistent with intent to deliver; and only ambiguous evidence of paraphernalia was presented.

The present case is more analogous to *Robinson.* In *Robinson,* after the appellant was pulled over for speeding, 38 vials of crack cocaine were found in a plastic bag that appellant attempted to throw into the backseat of his automobile. No use paraphernalia was found on appellant or in his automobile. The Commonwealth presented testimony of the arresting officer as to these facts as well as testimony from an expert witness. The expert witness stated that from the above mentioned facts, in his opinion, the appellant possessed the cocaine with intent to deliver. This court stated that the evidence was sufficient to support appellant's conviction. In the instant case, the evidence was equivalent to that presented in the *Robinson* case, thus we conclude that the evidence was sufficient to support appellant's conviction for possession with intent to deliver.

Appellant next contends that there was insufficient evidence to support his conviction for possession of drug paraphernalia. Specifically, he argues, that three unopened

boxes of sandwich bags are not drug paraphernalia, even if found within the same automobile where seventeen packets of cocaine wrapped in the end of sandwich bags was also found. We disagree, and accordingly affirm.

 35 P.S. § 780–113(a)(32) provides that the following activities are prohibited:

> (32) The use of, or possession with intent to use, drug paraphernalia for the purpose of planting, propagating, cultivating, growing, harvesting, manufacturing, compounding, converting, producing, processing, preparing, testing, analyzing, packing, repacking, storing, containing, concealing, ingesting, inhaling or otherwise introducing into the human body a controlled substance in violation of this act.

The term drug paraphernalia is defined in 35 P.S. § 780–102(b)(9) to include among other items:

> (9) Capsules, balloons, envelopes and other containers used, intended for use or designed for use in packaging small quantities of controlled substances.

Thus, it is clear that ordinary packaging material can be drug paraphernalia. However, it is also true, that many items such as envelopes and balloons, etc., have uses which are entirely unrelated to illegal drug activity. 35 P.S. § 780–102 therefore provides guidance as to factors to be considered when determining whether an item is drug paraphernalia.[5] The thrust of these considerations, is that the Commonwealth must establish that the items possessed, were used or intended to be used with a controlled substance. This burden may be met by the Commonwealth through circumstantial evidence. *Ramos*, at 593, 573 A.2d at 1032.

---

**5.** In determining whether an object is drug paraphernalia, a court or other authority should consider, in addition to all other logically relevant factors, statements by an owner or by anyone in control of the object concerning its use, prior convictions, if any, of an owner, or of anyone in control of the object, under any State or Federal law relating to any controlled substance, the proximity of the object in time and space, to a direct violation of this act, the proximity of the object to controlled substances, the existence of any residue of controlled substances on the object, ... the existence and scope of legitimate uses for the object in the community, and expert testimony concerning its use. 35 P.S. § 780–102(b).

In the instant case the evidence was sufficient to establish that appellant possessed drug paraphernalia. Three boxes of sandwich bags were found in appellant's backseat. Seventeen packets of cocaine were found in appellant's glove compartment. These packets consisted of cocaine wrapped in the corners of sandwich bags.

The Commonwealth then presented the expert testimony of officer Barry who testified that as the sandwich bags were similar to the material used to package the cocaine, he believed these sandwich bags were additional drug packaging material. N.T. at 43.

Viewing this evidence in the light most favorable to the Commonwealth as verdict winner, we believe the Commonwealth presented sufficient evidence to find appellant guilty of possession of drug paraphernalia.

For the foregoing reasons we find that there was sufficient evidence to allow the trier of fact to conclude that appellant possessed cocaine with intent to deliver and possessed drug paraphernalia. Accordingly, we affirm the judgment of sentence.

Affirmed.