## Commonwealth v. Gray

*John W. Peck, assistant district attorney,* for the Commonwealth.

*Bruce A. Antkowiak,* for defendant.

McCORMICK, JR., *J.,* August 16, 1993—Juan Gray is a teacher and musician, a black man with long hair, from Washington, D.C. He was travelling alone on Interstate Route 70 in Sewickley Township, Westmoreland County, on November 13, 1992, when he was pulled over by Trooper Kenneth Munshower of the Pennsylvania State Police. Trooper Munshower indicated that he had observed the defendant's vehicle coming from the exit ramp from the New Stanton Pennsylvania Turnpike Interchange onto Route 70, that Gray failed to use a turn signal, and failed to yield the right-of-way to oncoming traffic on Route 70 upon entering onto Route 70. The trooper pulled Gray over approximately 1 to 1-1/2 miles west of the turnpike ramp. As he activated his warning lights, the trooper testified that he saw the defendant make a movement to his right and reach down to the passenger right floor area. Upon cross-examination, Munshower indicated that he observed the defendant's right elbow raised, which is the

extent of the specific description of Gray's movement that he made.

After the vehicle stopped, the trooper approached the car on foot, asking for certain information, asking questions, and observing the interior of the defendant's vehicle. He then returned to his vehicle, wrote out a warning regarding the alleged traffic violation, and filled out a consent to search form. He returned to Gray's vehicle, giving Gray his driver's license back, and procuring Gray's signature on the written warning form.

The officer related that he then asked the defendant whether he had a firearm in the car, to which the defendant replied "no", and whether he had any drugs in his car. He indicated that he noted a hesitation before the defendant replied "no" to the question about drugs.

The trooper relates that he then offered the consent to search form to the defendant and asked if he could search his vehicle. The defendant did not sign the form, but the trooper contends that the defendant gave his oral consent to a search of the entire vehicle. The defendant testified that he refused to sign the form, and never gave the trooper oral consent to search the vehicle, but nevertheless, the defendant was directed to get out of his car and go to the rear of the vehicle.

The trooper then searched the vehicle, searched a black knapsack found in the vehicle, finding a plastic bag containing suspected hashish, and searched a coat found in the vehicle, finding a baggy of suspected marijuana. The car was also searched by Trooper George Hilf, assisted by a dog trained to locate drugs by smell. The dog indicated on a saxophone case, pulled a knit hat from the case, indicated on the aforementioned black knapsack, indicated on the aforementioned coat, and indicated on the driver's seat of the vehicle.

The searches yielded approximately 2 ounces of marijuana from 3 locations, rolling papers, and currency and coins. As a result of the search, the defendant was charged with various violations of the Controlled Substance, Drug, Device and Cosmetic Act.

The defendant now seeks the suppression of the evidence seized on the basis that the search of his vehicle was in violation of his rights pursuant to Article 1, §8 of the Constitution of the Commonwealth of Pennsylvania, and the 4th, 5th and 14th Amendments to the United States Constitution.

This court first must determine whether the trooper had sufficient probable cause to conclude that the defendant was in violation of the Motor Vehicle Code, under the circumstances, or whether the stopping of the vehicle was pretextual, that is, based upon an unsupported pretext to effectuate a search of the vehicle. *Commonwealth v. Swanger,* 453 Pa. 107, 307 A.2d 875 (1973); *Commonwealth v. Whitmyer,* 415 Pa. Super. 393, 609 A.2d 809 (1992).

The trooper testified that he observed the defendant fail to use a turn signal when entering upon Interstate Route 70, and to enter Route 70 without concern for oncoming traffic. While this court has already described his observations about the defendant that would lead to the suspicion that the stop was pretextual, nevertheless, those suspicions do not support a finding that the stop was pretextual. The trooper has given articulable and reasonable grounds upon which probable cause would be based for the traffic stop that occurred here, *Commonwealth v. Whitmyer, supra* and as such, this court must find that probable cause existed for the stop and issuance of the warning form.

That determination is only the beginning of the inquiry, however. Only where there is shown a reasonable

and articulable suspicion of criminal activity beyond the traffic violation or that the occupant of the vehicle is armed and dangerous, may an officer order a person to exit a vehicle, *Commonwealth v. Robinson,* 399 Pa. Super. 199, 582 A.2d 14 (1990) or where there is clearly proven consent to a search, may the seizure of the evidence herein be countenanced.

The defendant argues that requiring him to exit the vehicle, and the subsequent search of him by the trooper, constituted a seizure of his person, violative of his constitutional rights. As well, he maintains that the search and seizure of the contents of his vehicle was accomplished either without obtaining his consent properly, or based upon an illegal seizure and detention of the defendant.

We begin with the premise, set forth in the Pennsylvania Constitution at Article 1, §8:

"The people shall be secure in their persons, home, papers and possessions from unreasonable searches and seizures, and no warrant to search any place or to seize any person or things shall issue without describing them as nearly as may be, nor without probable cause, supported by oath or affirmation subscribed to by the affiant."

And in the Constitution of the United States, in the Fourth Amendment:

"The right of the people to be secure in their persons, houses, papers and effects against unreasonable searches and seizures shall not be violated, and no warrant shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

While it has been established that one's rights under the Pennsylvania Constitution are more expansive than

those available under the United States Constitution, *Commonwealth v. Edmunds,* 526 Pa. 374, 586 A.2d 887 (1991), either standard is sufficient to support a determination that the procedure employed herein was violative of the defendant's rights.

The stop of a motor vehicle for a traffic violation, without more, does not allow a warrantless search of that vehicle. *Commonwealth v. Trunzo,* 404 Pa. Super. 15, 589 A.2d 1147 (1991). The seizure of the person, hereby requiring the defendant to exit the vehicle and go to a location to the rear of the vehicle at the direction of the trooper, can only be supported by a finding of "specific and articulable facts that, taken together with the reasonable inferences from those facts, reasonably indicate that criminal activity might have been afoot." *Commonwealth v. Parker,* 422 Pa. Super. 393, 400, 619 A.2d 735, 738 (1993), citing *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed. 2d 889 (1968). Such a finding may be supported by proof of suspicious or irregular behavior on behalf of the defendant. *Commonwealth v. Espada,* 364 Pa. Super. 604, 528 A.2d 968 (1987).

The Commonwealth has failed to produce evidence which would provide a basis for determining a reasonable suspicion of criminal activity in this instance. Trooper Munshower described circumstances wherein a movement in the direction of the passenger side floor was noted. That, along with the observation of a black knapsack in that vicinity, is not enough to permit an inference of criminal activity. At best, a suspicion might be attached to such a movement, but a suspicion does not rise to the level of reasonable inference which must be available from the evidence. To allow such a suspicion to prevail would be like permitting the court's suspicion of pretext in the stop of the vehicle to be dispositive. The law requires a higher standard.

As was found in *Commonwealth v. Lopez,* 415 Pa. Super. 252, 609 A.2d 177 (1992), without articulable, reasonable grounds for belief that criminal activity was present, the trooper was without grounds to detain, question and search the defendant, as well as search the vehicle. The trooper concluded his investigation of the alleged traffic violations when he obtained the defendant's signature on the warning form. Without a specific basis to believe that a crime was occurring or had occurred, or that the defendant was armed and dangerous, the trooper is foreclosed from pursuing any further detention or seizure or interrogation of the defendant.

It is unnecessary to determine whether or not consent to a search was given by the defendant, as that is irrelevant to the inquiry at this point, although the court notes parenthetically that it is passing strange that someone would refuse to sign a written consent form but almost immediately give his oral consent to the search. As the trooper had no basis upon which to proceed in his detention and inquiries, the issue of whether or not consent to search was given or obtained is of no moment.

## ORDER

And now, to wit, this 16th day of August, 1993, based upon the foregoing, the defendant's motion to suppress evidence, namely all drugs and paraphernalia seized, is hereby granted.

The Pennsylvania State Police are ordered to destroy all controlled substances, and paraphernalia seized, at the expiration or exhaustion of all applicable appeal periods herein.

The Pennsylvania State Police are ordered to return all personal property of the defendant seized forthwith, at the expiration or exhaustion of all applicable appeal periods herein.