J-S53003-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WYOKIN COOK | : | |
| | : | |
| Appellant | : | No. 797 EDA 2018 |

Appeal from the Judgment of Sentence January 23, 2018
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0003163-2017

BEFORE: OLSON, J., STABILE, J., and NICHOLS, J.

MEMORANDUM BY OLSON, J.:                    **FILED NOVEMBER 13, 2019**

Appellant, Wyokin Cook, appeals from the judgment of sentence entered on January 23, 2018, following his non-jury trial convictions for possession with intent to deliver a controlled substance ("PWID"),[1] possession of a controlled substance,[2] and use or possession of drug paraphernalia.[3] We affirm.

On March 10, 2017, the Delaware County Narcotics Task Force executed a search warrant at Appellant's residence. Police Criminal Complaint, 3/10/17, at 4. At that time, Appellant was asleep on the couch with a marijuana blunt on his chest. N.T. Trial, 1/23/18, at 23-24. Subsequently, the police

---

[1] 35 P.S. §780-113(a)(30).

[2] 35 P.S. §780-113(a)(16).

[3] 35 P.S. §780-113(a)(32).

conducted a "cursory search of the entire interior of [the] property," and discovered the following: 15 individual sandwich bags containing a total of 51.13 grams of marijuana, additional sandwich bags, two digital scales, and approximately $140.00 in cash. Police Criminal Complaint, 3/10/17, at 4; N.T. Trial, 1/23/18, at 9-24.

A non-jury trial was conducted on January 23, 2018. Trial Court Opinion, 6/20/19, at 1. At trial, Detective Steven Banner testified as the Commonwealth's expert witness. N.T. Trial, 1/23/18, at 9-24. During his testimony, Detective Banner opined that Appellant possessed the 51.13 grams of marijuana with the intent to deliver. *Id.* at 23-24. In contrast, Appellant testified that he merely possessed the marijuana for personal use. *Id.* at 41. Upon hearing the evidence presented at trial, the court found Appellant guilty of the above-mentioned charges and sentenced him to "time served to 23 months" for PWID and "one[-]year probation concurrent" for use or possession of drug paraphernalia. Trial Court Opinion, 6/20/19, at 1. This timely appeal followed.[4]

Appellant raises the following issue on appeal:

> Whether the evidence is insufficient to sustain [Appellant's] conviction for [PWID] since the Commonwealth failed to prove,

---

[4] Appellant filed a notice of appeal on February 21, 2018. On March 14, 2018, the trial court entered an order directing Appellant to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b)(1). Appellant timely complied. The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on June 20, 2019.

beyond a reasonable doubt, that Appellant possessed the marijuana at issue with the intent to distribute it?

Appellant's Brief at 5.

Our standard of review regarding the sufficiency of the evidence is as follows:

The standard we apply in reviewing the sufficiency of evidence is whether, viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact[-]finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for that of the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth may not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Lambert*, 795 A.2d 1010, 1014–1015 (Pa. Super. 2002) (citations omitted).

In this case, Appellant does not dispute that he possessed the marijuana in question. N.T. Trial, 1/23/18, at 41. Instead, Appellant argues that the Commonwealth failed to prove that he intended to distribute the marijuana. *Id*. at 11. Specifically, Appellant asserts that the Commonwealth's failure to show that he "was in an area known for drug-related activity, or that he

actually possessed materials or exhibited behavior indicative [of] drug dealing" renders the evidence presented at trial insufficient to support his conviction. **Id.**, *citing* **Commonwealth v. Kirkland**, 831 A.2d 607 (Pa. Super. 2003). We disagree.

The offense of PWID under 35 P.S. §780-113(a)(30) provides, in relevant part:

> (a) The following acts and the causing thereof within the Commonwealth are hereby prohibited:
>
> ***
>
> (30) Except as authorized by this act, the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance by a person not registered under this act, or a practitioner not registered or licensed by the appropriate State board, or knowingly creating, delivering or possessing with intent to deliver, a counterfeit controlled substance.

35 P.S. §780-113(a)(30). Thus, to sustain a conviction for PWID, "the Commonwealth must prove that [the] appellant 'both possessed the controlled substance and had an intent to deliver that substance.'" **Commonwealth v. Torres**, 617 A.2d 812, 814 (Pa. Super. 1992), *quoting* **Commonwealth v. Parsons**, 570 A.2d 1328, 1334 (Pa. Super. 1990).

To determine "whether a controlled substance was possessed with intent to deliver, the court must consider all of the facts and circumstances surrounding the possession of the substance." **Torres**, 617 A.2d at 814. In cases involving "a large quantity of controlled substances," the "intent to deliver may be inferred from [mere] possession." **Commonwealth v.**

- 4 -

*Jackson*, 645 A.2d 1366, 1368 (Pa. Super. 1994).  If, however, there is only a small amount of a controlled substance, such that "it is not clear whether the substance is being used for personal consumption or distribution, it then becomes necessary to analyze other factors."  *Id*.  In such a case, a key factor is expert testimony.  *See Commonwealth v. Ratsamy*, 934 A.2d 1233, 1236 (Pa. 2007); *Kirkland*, 831 A.2d at 612 (holding that the evidence was insufficient to support the appellant's conviction of PWID because the Commonwealth failed to present expert testimony to prove that he possessed the controlled substance with the intent to distribute).  Additional factors include "the manner in which the controlled substance was packaged, the behavior of the defendant, the presence of drug paraphernalia, and large sums of cash found in possession of the defendant."  *Jackson*, 645 A.2d at 1368.

Herein, the evidence, when viewed in the light most favorable to the Commonwealth, establishes that Appellant intended to distribute the marijuana.  Indeed, unlike in *Kirkland*, the Commonwealth utilized the expert testimony of Detective Banner to demonstrate that Appellant intended to distribute the marijuana in question.  N.T. Trial, 1/23/18, at 9-24.

At trial, Detective Banner opined that Appellant did, in fact, possess the marijuana with the intent to deliver.  *Id*. at 17.  He based this opinion on a variety of factors.  First, he explained that, while the quantity of drugs appeared small, 51.13 grams of marijuana is "above the personal use

standard."[5]  *Id.* at 17.  Thus, in contrast to Appellant's assertion that he bought the drugs "in bulk," Banner opined that Appellant's possession of a "month-and-a-half supply of weed" was typical of a drug seller, not a drug user.  *Id.* at 20 and 43.  Secondly, Detective Banner explained that the marijuana's packaging proved Appellant's intent to deliver.  *Id.* at 17.  Per Detective Banner, just like a consumer would not "go to Wa-[W]a and buy a gallon of milk by eight pints," an individual drug user would not "buy individual bags of marijuana."  *Id.*  Lastly, Detective Banner opined that the discovery of the digital scale supported his conclusion that Appellant possessed the requisite intent.  According to Detective Banner, only an "actual seller" would "weigh their marijuana."  *Id.* at 20.  Users simply "eyeball [it]."  *Id.*  Therefore, when viewed in the light most favorable to the Commonwealth, the evidence presented at trial demonstrated that Appellant intended to deliver the marijuana and, as such, there was sufficient evidence to convict Appellant.

Judgment of sentence affirmed.

---

[5] Per Detective Banner, "the Commonwealth looks at 30 grams [of marijuana] as personal use."  N.T. Trial, 1/23/18, at 17.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 11/13/2019*