J-S24028-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RAMEL MOSLEY | : | |
| | : | |
| Appellant | : | No. 905 MDA 2022 |

Appeal from the PCRA Order Entered May 13, 2022
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s):  CP-40-CR-0001631-2017

BEFORE:   BENDER, P.J.E., LAZARUS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY LAZARUS, J.:                    **FILED JULY 27, 2023**

Ramel Mosley appeals from the order, entered in the Court of Common Pleas of Luzerne County, denying, after a hearing, his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm on the basis of the PCRA court's opinion, authored by the Honorable David Lupas.

Mosley was charged[1] and convicted, by a jury, of possession with intent to deliver-cocaine (PWID),[2] possession of a small amount of marijuana,[3]

_____

[*] Former Justice specially assigned to the Superior Court.

[1] Mosley was also charged with conspiracy; however, the jury acquitted him of that offense.

[2] 35 P.S. § 780-113(a)(30).

[3] *Id.* at § 780-113(a)(31).

possession of cocaine,[4] and possession of drug paraphernalia.[5] The charges

stemmed from events that occurred on January 6, 2017, in the City of Wilkes-

Barre.

> Officers [James] Conmy and [Jason] Oliver were on duty in a marked police car on January 6, 2017[,] at approximately 7:30 p.m. As they drove on Butler Street, they passed a Ford SUV traveling in the opposite direction. After both officers observed an inoperable brake light on the rear of the SUV, Officer Conmy turned the police car around and followed the SUV. After the SUV made a right turn at a red light at an intersection marked with a "no turn on red" sign, the officers initiated a traffic stop. [] Officer Conmy identified the driver as Jettie Johnson ([]Johnson[]) and the passenger as Appellant, Ramel Mosley.
>
> As the officers approached the SUV, both detected the odor of marijuana coming from the SUV. The officers ran the occupant information through their computer system and learned that Johnson had a suspended driver's license. The officers also noticed that the SUV's inspection was expired. Officer Conmy filled out a citation for the inspection violation, gave a warning for the brake light[,] and informed Johnson that his license was suspended. Because the vehicle was not legally parked, Officer Conmy offered the option of having the SUV towed or having [Mosley], who had a valid New York license, drive the vehicle. Johnson and [Mosley] opted for the latter option. Meanwhile, both Johnson and [Mosley] indicated they had . . . smoked marijuana [earlier].
>
> Because Johnson and [Mosley] were going to get out of the SUV to switch positions, Officer Conmy informed Johnson that the officers would check them both for safety purposes when they got out of the vehicle. During the pat-down search, the officers "uncovered various items." As reflected in the transcript, those items included a wad of cash in Johnson's pants pocket, detected by Officer Conmy, and cash in [Mosley]'s pocket, detected by Officer Oliver.

---

[4] *Id.* at § 780-113(a)(16).

[5] *Id.* at § 780-113(a)(32).

When [Mosley] got out of the SUV, he left the passenger[-]side door open. Officer Conmy could see a white bag in the door's storage compartment that was consistent with powder cocaine. He seized that bag and a black grocery bag next to it. Picking up the black bag, he determined, based on his training and experience, it was consistent with crack cocaine. At that point, [Mosley] and Johnson were taken into custody and a search of their persons was conducted. Johnson admitted he had a bag of marijuana in his underwear. [Mosley] had a glass vial in his pocket that was later opened to reveal marijuana. There was another bag of marijuana between the front passenger seat and the center console.

Another officer, Officer Holmes, arrived on the scene with his K-9 partner. The dog alerted Officer Holmes to the front passenger seat area of the SUV. The vehicle was then towed. Johnson and [Mosley] were taken to headquarters.

*Commonwealth v. Mosley*, No. 1058 MDA 2019, *2-*4 (Pa. Super. filed July 8, 2020) (unpublished memorandum decision).

Mosley filed a pre-trial motion to suppress contending the traffic stop was pretextual, and, thus, unlawful. Following a suppression hearing, at which Officers Conmy and Oliver testified, the court denied Mosley's motion, concluding that because the officers had reasonable suspicion to perform the traffic stop and the pat-down search was lawful for purposes of the officers' safety, any items seized from the stop and search were admissible evidence. Finally, the court concluded that the seizure of cocaine and crack, which were in plain view in the passenger compartment of the car, was lawful. Mosley filed a motion for reconsideration that was denied by the trial court.

At trial, the Commonwealth presented an expert who rendered his opinion that the cocaine recovered from the SUV was consistent with PWID, rather than personal use. Following trial, the jury convicted Mosley of the

above-cited offenses. Prior to being sentenced, Mosley challenged the verdict as against the weight of the evidence. The court denied the motion and proceeded to sentence Mosley to 90 to 180 months' imprisonment for PWID and concurrent sentences of 30 days of probation for possession and twelve months of probation for possession of drug paraphernalia.[6] Mosley filed a direct appeal; our Court affirmed Mosley's judgment of sentence. *Commonwealth v. Mosley*, No. 1058 MDA 2019 (Pa. Super. filed July 8, 2020) (unpublished memorandum decision). Mosley filed a petition for allowance of appeal that was denied. *Commonwealth v. Mosley*, 250 A.3d 1158 (Pa. 2021) (Table).

On May 27, 2021, Todd Fiore, Esquire, filed a PCRA petition on Mosley's behalf raising, among other things, a claim that pre-trial counsel was ineffective for failing to secure video camera footage from several businesses near the traffic stop "[which] would have depicted the entire encounter between police and the vehicle [Mosley] was in." PCRA Petition, 5/27/21, at ¶ 12. On April 6, 2022, the trial court held a hearing on the petition at which pre-trial counsel, Andrew Katsock, Esquire, and Mosley testified. On May 13, 2022, the trial court entered an order denying the PCRA petition.

On June 1, 2022, Attorney Fiore filed a motion to withdraw as counsel. On June 2, 2022, while he was still represented by counsel, Mosley filed a *pro*

---

[6] Mosley's possession (cocaine) count merged with his PWID count.

*se* notice of appeal.[7]  On June 9, 2022, the court granted counsel's motion to withdraw.  On July 1, 2022, the trial court held a ***Grazier***[8] hearing,[9] at which Mosley waived his right to counsel and was permitted to proceed *pro se*.

---

[7] The PCRA court denied Mosley's petition on May 13, 2022.  The docket reflects that on June 2, 2022, counsel was served notice of the order via "eService."  Docket Entry, 5/18/22.  Although Mosley's *pro se* notice of appeal is dated June 2, 2022, it was not filed in the trial court until June 21, 2022.  However, the certified record contains an envelope with an inmate mail date stamp of June 6, 2022.  "Under the prisoner mailbox rule, our Court deems a *pro se* document filed on the date it is placed in the hands of prison authorities for mailing." ***Commonwealth v. Crawford***, 17 A.3d 1279, 1281 (Pa. Super. 2011).  Our Supreme Court has further stated that "[t]he appellant bears the burden of proving that he or she in fact delivered the appeal within the appropriate time period," and that acceptable forms of proof include:  a prison "cash slip" that indicates a deduction from an inmate's account for postage and the date of the mailing; an affidavit attesting to the date of deposit with the prison officials; and evidence of internal operating procedures regarding mail delivery in the prison. ***Commonwealth v. Jones***, 700 A.2d 423, 426 (Pa. 1997).  Here, the date-stamped envelope contained in the certified record is an acceptable form of proof showing that Mosley deposited the *pro se* notice of appeal with prison authorities within 30 days of the date of the order denying his PCRA petition.  Thus, we find this appeal timely. ***See Sweesy v. Pa. Bd. of Prob. & Parole***, 955 A.2d 501, 503 (Pa. Cmwlth. 2008) (holding court needs "reasonably verifiable evidence" of date inmate deposits his or her notice of appeal, including, but not limited to, "certificates of mailing, cash slips [given by prison authorities that note the deduction from an inmate's account for the mailing to the prothonotary and the date of the mailing], affidavits, and [internal] prison operating procedures").

[8] ***Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1988).

[9] On June 29, 2022, our Court ordered the trial court to determine Mosley's eligibility for court-appointed counsel pursuant to Pa.R.Crim.P. 904(C), and, if found to be ineligible, determine whether Mosley intends to retain new counsel or represent himself on appeal. ***See*** Order, 6/29/22.

On July 21, 2022, Mosley filed a timely *pro se* Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Mosley presents the following issues for our review:

(1)    Can [Mosley] raise additional claims that were not in the original PCRA petition?

(2)    Was trial counsel ineffective for failing to object when [the] Commonwealth's expert testified to an opinion on the ultimate issue of the case?

(3)    Did [] Mosley make a knowing, voluntary, and intelligent decision not to testify on his own behalf during trial counsel's ineffectiveness and lack of colloquy intelligently waive his right to testify at trial [*sic*]?

(4)    Did trial counsel fail to exercise due diligence to investigate and obtain exculpatory evidence?

Appellant's Brief, at 5.

Our standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error. ***Commonwealth v. Conway***, 14 A.3d 101, 108 (Pa. Super. 2011). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings; however, we give no deference to the court's legal conclusions. ***Commonwealth v. Ford***, 44 A.3d 1190, 1194 (Pa. Super. 2012). "Traditionally, issues of credibility are within the sole domain of the trier of fact [because] it is the trier of fact who had the opportunity to personally observe the demeanor of the witnesses." ***Commonwealth v. Abu-Jamal***, 720 A.2d 79, 99 (Pa. 1998). "[A]s with any other credibility determination,

where the record supports the PCRA court's credibility determinations, those determinations are binding" on this Court. *Id.*

Mosley raises three claims of ineffectiveness with regard to pre-trial and trial counsel. Our Court's standard of review when considering an ineffectiveness claim applies the following principles.

> The law presumes counsel has rendered effective assistance. The burden of demonstrating ineffectiveness rests on the appellant. To satisfy this burden, the appellant must plead and prove by a preponderance of the evidence that: (1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and, (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the challenged proceeding would have been different. Failure to satisfy any prong of the test will result in rejection of the appellant's ineffective assistance of counsel claim.

*Commonwealth v. Johnson*, 179 A.3d 1153, 1158 (Pa. Super. 2018) (citations omitted).[10]

After reviewing the parties' briefs, the certified record and relevant case law, we conclude that Judge Lupas has properly disposed of Mosely's claims on appeal. Thus, we rely upon Judge Lupas' October 26, 2022 opinion to

---

[10] In addition to alleging pre-trial counsels' ineffectiveness, Mosley also raises three claims of trial/PCRA counsel's ineffectiveness—claims not included in his original PCRA petition. In *Commonwealth v. Bradley*, 261 A.3d 381 (Pa. 2021), the Pennsylvania Supreme Court held that "[a] petitioner may, after a PCRA court denies relief, and after obtaining new counsel or acting *pro se*, raise claims of PCR[A] counsel's ineffectiveness at the first opportunity to do so, even if on appeal." *Id.* at 401. Mosley's allegations of trial counsel's ineffectiveness are controlled by *Bradley* because trial counsel was also Mosley's PCRA counsel. Thus, this is the first opportunity that Mosely has had to raise Attorney Fiore's ineffectiveness.

affirm the order denying Mosley's PCRA petition. **See** Opinion, 10/26/22, at 3-9. The parties are advised to attach a copy of that decision in the event of further proceedings in the matter.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 07/27/2023

## 11TH JUDICIAL DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE COURT OF COMMON PLEAS |
| | : | OF LUZERNE COUNTY |
| | : | |
| v. | : | |
| | : | CRIMINAL DIVISION |
| RAMEL MOSLEY, | : | |
| | : | |
| Defendant / Appellant | : | |
| | : | No. 1631 of 2017 |
| | : | |

---

### OPINION

LUPAS, J.

CLERK OF COURTS CRIMINA
LUZ CNTY OCT26'22PM12:

### I.   FACTS AND PROCEDURAL HISTORY:

The Defendant was charged with possession with intent to deliver a controlled substance (cocaine), conspiracy, possession of a small amount of marijuana, possession of a controlled substance (cocaine), and possession of drug paraphernalia, stemming from a traffic stop initiated after police observed the vehicle in which the Defendant was riding violate several traffic laws. Criminal Complaint filed 1/6/2017; Information filed 7/9/2017.

Represented by Attorney Andrew Katsock, III, the Defendant filed an omnibus pretrial motion that included a motion to suppress, alleging, *inter alia*, an illegal traffic stop. The Defendant's motion to suppress physical evidence was denied following a May 11, 2018 hearing. Still represented by Attorney Katsock, the Defendant filed a motion for reconsideration of the denial of his suppression request. The Court denied reconsideration, however, and the matter was scheduled for trial.

A jury trial commenced on January 22, 2019, at which time the Defendant was represented by Attorney Todd Fiore. The Commonwealth presented fact testimony from the arresting officers

1

and also expert testimony from Officer Daniel Duffy, an expert in narcotics identification and drug trafficking. At the conclusion of trial, the jury acquitted the Defendant of criminal conspiracy but convicted him of possession with intent to deliver cocaine, possession of cocaine, and use/possession of drug paraphernalia.[1]

Immediately prior to the Defendant's March 28, 2019 sentencing hearing, the Defendant presented a post-verdict motion to set aside the verdict as against the weight of the evidence. The motion was denied after a brief recess, and at the conclusion of the sentencing hearing the Defendant was sentenced to a term of 90 to 180 months' incarceration for PWID, thirty days' probation for possession of a small amount of marijuana, concurrent with the PWID sentence, and twelve months' probation for possession of drug paraphernalia, also concurrent with the PWID sentence.

On April 2, 2019, represented by Attorney Fiore, the Defendant filed a "Post-Sentence Motion to Arrest Judgment And/Or Grant A New Trial" and a "Motion to Reconsider Sentence," which we denied by Order dated June 19, 2019. On June 28, 2019, the Defendant appealed his March 28, 2019 judgment of sentence. On July 8, 2020, the Superior Court affirmed the Defendant's judgment of sentence. Opinion filed 7/8/2020. On July 31, 2020, the Defendant filed a petition for allowance of appeal with the Pennsylvania Supreme Court, which was denied on March 15, 2021.

On May 27, 2021, still represented by Attorney Fiore, the Defendant filed a PCRA petition. After several continuances, a PCRA hearing was held on April 6, 2022. At the close of the hearing,

---

[1] In addition, the court found the Defendant guilty of possession of a small amount of marijuana charged at count 3 of the criminal information.

2

the matter was taken under advisement, and the court later issued an order denying the Defendant post-conviction relief. Order dated 5/12/2022, filed 5/13/2022.

On June 1, 2022, Attorney Fiore filed a motion to withdraw as counsel, and that motion was later granted on June 9, 2022. Motion filed 6/1/2022; Order filed 6/9/2022. Between the time Attorney Fiore sought and was granted permission to withdraw, the Defendant served on the court a *pro se* notice of appeal of the court's denial of his PCRA petition. Notice of Appeal dated 6/2/22, mailed 6/3/22.[2]

On July 1, 2022, a hearing pursuant to *Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1988) was held, at which time the Defendant waived his right to counsel and was permitted to proceed *pro se*. Order filed 7/1/22. On July 5, 2022, the Defendant was directed to file a Rule 1925(b) statement of matters complained of on appeal, and he did so in a timely manner.

## II.  LAW AND DISCUSSION:

The Defendant's Rule 1925(b) statement raises five allegations. Turning first to those that raise prior counsel's alleged ineffective assistance, the following is well-settled:

> "To prevail on ... [ineffective assistance of counsel] claims, [the PCRA petitioner] must plead and prove, by a preponderance of the evidence, three elements: (1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) [the petitioner] suffered prejudice because of counsel's action or inaction." *Commonwealth v. Spotz*, 610 Pa. 17, 18 A.3d 244, 260 (2011). "The law presumes counsel was effective[,]" *Commonwealth v. Miner*, 44 A.3d 684, 687 (Pa. Super. 2012), and PCRA petitioners "bear[ ] the burden of pleading and proving each of the three ... factors by a preponderance of the evidence." *Commonwealth v. Perry*, 128 A.3d 1285, 1289 (Pa. Super. 2015). "A claim of ineffectiveness will be denied if the petitioner's evidence fails to meet any of these prongs." *Commonwealth v. Williams*, 602 Pa. 360, 980 A.2d 510, 520 (2009).

*Commonwealth v. Krock*, 2022 PA Super 153, *3 (Pa. Super. Sept. 7, 2022).

---

[2] The Defendant's *pro se* notice of appeal was eventually filed on June 21, 2022.

Here, the Defendant initially alleges that Attorney Fiore was ineffective for failing to object when Officer Duffy "opined on the ultimate issue of whether Petitioner possessed drugs with intent to deliver." Rule 1925(b) Statement filed 7/28/22 at 2.[3] Specifically, the Defendant asserts that other evidence and testimony presented by the Commonwealth was sufficient for the jury to determine whether the Defendant possessed drugs with intent to deliver, making it unnecessary for Officer Duffy to offer testimony on that issue. Rule 1925(b) Statement filed 7/28/22 at 3 (relying on *Commonwealth v. Carter*, 589 A.2d 1133, 1134 (Pa. Super. 1991); *Commonwealth v. Montavo*, 653 A.2d 700 (Pa. Super. 1995).[4] The Defendant's reliance on *Carter* and *Montavo* is misplaced, and a review of the record and applicable case law reveals that Officer Duffy testified within the scope of the rules pertaining to expert testimony, and Attorney Fiore was not ineffective for failing to object to Officer Duffy's testimony.

Expert opinion testimony is admissible regarding whether facts surrounding the possession of a controlled substance are consistent with an intent to deliver rather than with an intent to possess for personal use. *Commonwealth v. Bernard*, 218 A.3d 935, 943 (Pa. Super. 2019) (citing

---

[3] The Defendant raises Attorney Fiore's ineffectiveness under *Commonwealth v. Bradley*, which directs that "a PCRA petitioner may, after a PCRA court denies relief, and after obtaining new counsel or acting *pro se*, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal." *Commonwealth v. Bradley*, 261 A.3d 381, 401 (Pa. 2021).

[4] In *Carter*, a police officer testified to his own observation of the defendant's activities, then offered expert opinion testimony based on those observations concerning whether a drug transaction occurred. On appeal, the Superior Court ruled that expert testimony from the officer who also served as an eyewitness was cumulative and prejudicial, reasoning that "[e]xpert opinion evidence [after eyewitness testimony] ... encouraged the jurors to shift their focus from determining the credibility of the Officers' eyewitness testimony, and allowed them instead, to defer to the Officers' expertise as narcotics detectives." *Carter*, 589 A.2d at 1134. In *Montavo*, the trial court qualified a testifying state trooper as an expert, and the trooper then offered his opinion that the defendant was selling drugs based solely on the defendant's presence in a high crime area. *Montavo*, 653 A.2d at 705. On appeal, this Court held that the admission of expert testimony under such circumstance was improper because it invited the jury to abdicate its responsibility as fact-finder and defer to the expert's opinion. *Id.*

4

*Commonwealth v. Roberts*, 133 A.3d 759, 767 (Pa. Super. 2016)). "An opinion is not objectionable just because it embraces an ultimate issue." Pa.R.E. 704 (Opinions and Expert Testimony). As the Superior Court in *Carter* explained, "when an accused is found with a certain quantity of drugs, expert testimony may be offered by narcotics detectives concerning whether the facts surrounding the possession of the controlled substance were consistent with an intent to deliver rather than an intent to possess for personal use." *Carter*, 589 A.2d at 1135 (citing *Commonwealth v. Ariondo*, 580 A.2d 341 (1990); *Commonwealth v. Robinson*, 582 A.2d 14 (Pa. Super. 1990)).

Thus, under the facts of this case, the concerns and holding of *Carter* and *Montavo* are not implicated because the police, including Officer Duffy, did not testify to their observation of a transaction, and Officer Duffy only offered expert opinion testimony concerning whether the facts surrounding the possession of the controlled substances seized were consistent with an intent to deliver rather than an intent to possess for personal use. Officer Duffy's testimony was appropriate expert opinion testimony, pursuant to the case law cited above.

As such the Defendant cannot prove by a preponderance of the evidence that (1) the underlying legal claim has arguable merit, i.e. that Officer Duffy's testimony was improper, that (2) that Attorney Fiore had no reasonable basis for failing to object to such testimony, or that (3) the Defendant suffered prejudice because Attorney Fiore failed to object to the testimony.

The Defendant's Rule 1925(b) statement also alleges that "trial counsel's erroneous advice interfered with Petitioner's right to testify." Rule 1925(b) Statement filed 7/28/22 at 4.

> Claims alleging ineffectiveness of counsel premised on allegations that trial counsel's actions interfered with an accused's right to testify require a defendant to prove either that "counsel interfered with his right to testify, or that counsel gave specific advice so unreasonable as to vitiate a knowing and intelligent decision to testify on his own behalf." *Commonwealth v. Nieves*, 560 Pa. 529, 746 A.2d 1102, 1104 (2000). See also *Commonwealth v. Uderra*, 550 Pa. 389, 706 A.2d 334 (1998)

5

*Commonwealth v. Miller*, 605 Pa. 1, 38, 987 A.2d 638, 660 (2009). Here, there is no evidence of record with regard to any advice offered to the Defendant by Attorney Fiore. As such, there is no evidence of record that supports the Defendant's allegation that Attorney Fiore offered any advice to the Defendant that interfered with the Defendant's right to testify, or that Attorney Fiore gave specific advice so unreasonable as to vitiate a knowing and intelligent decision to testify. Thus the Defendant did not prove that Attorney Fiore rendered ineffective assistance in this regard.

The Defendant's Rule 1925(b) statement next asserts that:

> PCRA Counsel was ineffective for failing to raise in the initial PCRA petition that Pretrial Counsel was ineffective for failing to argue that the court erred in denying Petitioner's suppression motion because such was obtained by the result of an illegal detention unsupported by probable cause, reasonable suspicion, or any articulable basis and the suppression of evidence was appropriate because after the traffic stop was complete, the driver's consent to search the vehicle was premised upon duress and coercion and thus, involuntary.

Rule 1925(b) Statement filed 7/28/22 at 5.

With regard to the Defendant's allegation that Attorney Fiore should have sought PCRA relief based on a claim that Attorney Katsock failed to argue that the court erred in denying suppression "because such was obtained by the result of an illegal detention unsupported by probable cause, reasonable suspicion, or any articulable basis," we note that Attorney Katsock did not fail to act as alleged. As noted above, the record reflects that Attorney Katsock filed a motion to reconsider the denial of the Defendant's suppression motion on the grounds that the stop was pretextual, and the detention of the Defendant was unsupported by probable cause. Motion filed 5/21/18. Thus, Attorney Katsock did not fail to act as the Defendant alleges. Further, as this court found and the Superior Court affirmed, suppression was properly denied. Superior Court Memorandum filed 7/8/2020 at 11. Because the Defendant cannot prove by a preponderance of the evidence that (1) the underlying legal claim had arguable merit, that (2) that Attorney Fiore

6

had no reasonable basis for failing to argue Attorney Katsock's ineffectiveness on this issue, or that (3) the Defendant suffered prejudice because Attorney Fiore failed to so argue, Attorney Fiore cannot be found ineffective in this regard.

Neither did Attorney Fiore render ineffective assistance with regard to the Defendant's allegation that he should have sought PCRA relief based on a claim that Attorney Katsock failed to argue that the court erred in denying suppression on the grounds that "after the traffic stop was complete, the driver's consent to search the vehicle was premised upon duress and coercion and thus, involuntary." As a review of the record confirms, this court determined that the search of the vehicle was supported by the requisite probable cause, and this determination was affirmed on direct appeal. Superior Court Memorandum filed 7/8/2020 at 11. The officers did not need, and did not ask for, the driver's consent to search, and there was no reason for Attorney Fiore to raise Attorney Katsock's failure to argue lack of consent. For the same reasons stated above, Attorney Fiore did not render ineffective assistance as alleged.

In addition to raising claims that his counsel rendered ineffective assistance, the Defendant's Rule 1925(b) statement also asserts that this court erred in "failing to conduct an inquiry regarding a conflict of interest concerning Todd Fiore and thus, Petitioner's ineffective claims regarding Todd Fiore are not waived and Petitioner is entitled to immediate/new PCRA hearing for his new claims." Rule 1925(b) Statement filed 7/28/2022 at 7. No such inquiry was or is necessary, as we do not suggest that the Defendant's claims regarding Attorney Fiore are waived.

The Defendant's Rule 1925(b) statement lastly asserts that this court erred when it denied the Defendant's ineffectiveness claim "where counsel failed to investigate and obtain exculpatory evidence that was material to the testimony offered by the police at the initial suppression hearing."

Rule 1925(b) Statement filed 7/28/22 at 8. Although the Defendant's Rule 1925(b) statement does not specify what evidence counsel allegedly failed to investigate and obtain, because the statement asserts that counsel admitted at the PCRA hearing that he did not investigate or obtain the evidence, we construe this to be a claim that we erred in failing to find Attorney Katsock ineffective for failing to investigate and obtain video footage to disprove the police officers' version of how the traffic stop occurred. A review of the record show that we did not err in this regard.

During the April 6, 2022 PCRA hearing, the Defendant testified that he told Attorney Katsock "there's cameras everywhere. So I told him that it was video footage that he could get so we could prove that the police lied how this traffic stop occurred." N.T. 4/6/22 at 6. Attorney Katsock acknowledged that the Defendant asked him to investigate if there were cameras in any Wilkes-Barre city street lights, and he testified that he did so, but was unable to confirm that any such cameras existed. Id. at 17-18, 21. Additionally, Attorney Katsock testified that the Defendant asked him to investigate video footage from one private business – a Turkey Hill, but Attorney Katsock did not do so because the Turkey Hill was not located where the stop occurred. Id. at 19, 20, 21-22, 23-24, 25. Attorney Katsock confirmed that no private investigator was obtained with regard to video footage because the Defendant did not request or pay for such services. Id. at 23, 38. The Defendant did not present evidence at the PCRA hearing to confirm the existence of any video footage depicting the traffic stop. Following the testimony offered by the Defendant and by Attorney Katsock, this Court found Attorney Katsock's testimony to be credible, and concluded that the Defendant did not prove by a preponderance of the evidence that (1) the underlying legal claim had arguable merit, that (2) Attorney Katsock lacked a reasonable basis for the scope of investigation he performed with regard to the videos, or that (3) the Defendant suffered prejudice because of Attorney's Katsock's action/inaction. Because the Defendant did not meet his burden

of proving Attorney Katsock ineffective, the court did not err in denying the Defendant's ineffectiveness claim in this regard.

For the foregoing reasons, this court did not err in denying the Defendant post-conviction relief, and our order of May 13, 2022 should be affirmed.

**END OF OPINION**